Bertha Sturmer, Appellant, v. The Travelers Insurance Company, Appellee.

Gen. No. 37,847.

Opinion filed April 10, 1935.   Rehearing denied April 22, 1935.

Joseph B. Lynch and Joe A. Pearce, both of Chicago, for appellant.

Kirkland, Fleming, Green & Martin, of Chicago, for appellee; William H. Symmes, David Jacker and Edward C. Caldwell, all of Chicago, of counsel.

Mr. Justice Wilson delivered the opinion of the court.

The plaintiff, Bertha Sturmer, the beneficiary named in a policy issued by the defendant on the life of William Joseph Sturmer, her husband, brought this action to recover the sum of $2,500, the amount named in the policy of insurance.

The policy was issued by the defendant to Stringer Bros. Co., Inc., for the benefit of the employees of that company and is what is known as a group life insurance policy. This class of policy has been the outgrowth of the industrial life of the country and is now in common use. The premiums are paid by the em-

ployer and are deducted from the wages of the employees covered by the group policy.

In the instant case the policy to Stringer Bros. Co., Inc., was issued September 28, 1927, and a certificate was also issued by the defendant insurance company to William Joseph Sturmer dated October 1, 1927, stating that it was subject to the terms and conditions of a group life policy of insurance issued to Stringer Bros. Co., Inc., his employer, under which his life was insured for the sum of $2,500 and payable to Bertha Sturmer, his wife, as beneficiary. The certificate contained a clause to the effect that ''The insurance of any Employee covered hereunder shall end when his employment with the Employer shall end or prior thereto when the Employee shall notify the Employer to make no further deductions from his pay to apply toward the premium for this insurance.''

The insured died September 4, 1931, and it is admitted that the policy covering Stringer Bros. Co., Inc., was in full force and effect and all the premiums paid. Such being the fact, the premium covering the life of William Joseph Sturmer, deceased, had been paid up to and including the day of his death, so that the policy, together with the certificate issued to the deceased, had been in effect for a period of nearly four years and was in effect at the time of his death unless his employment with Stringer Bros. Co., Inc., had terminated prior thereto.

Upon the trial of the cause plaintiff introduced the policy to Stringer Bros. Co., Inc. and the certificate issued to William Joseph Sturmer, and made proof of his death. The defendant moved for a directed verdict, which was granted, and judgment entered in favor of the defendant, from which judgment this appeal has been taken.

After the defendant had made its motion for a directed verdict in its favor and before the entry of

judgment, counsel for plaintiff attempted to show by Mrs. Sturmer, the wife, that the deceased was employed by Stringer Bros. Co., Inc. at the time of his death. This testimony was objected to. It does appear from that part of her testimony, however, which was admitted, that he had been working for Stringer Bros. Co., Inc., up to a time about six weeks before his death, when he was laid off. We will have occasion to discuss the admissibility of her testimony later in this opinion.

The policy and the certificate issued thereunder contain certain covenants and agreements on the part of the insurance company which we deem important in a consideration of the case. The first of these provisions contained in the policy and made a part thereof is one with reference to lay-off or leave of absence. This provision provides as follows:

"Temporary lay-off or leave of absence for reasons other than physical disability as aforesaid shall not be considered as termination of employment for the purpose of this insurance unless the Employer shall so elect."

There is nothing in the record to show that Sturmer was laid off for disability and, therefore, it does not come within the clause of the policy, which continues the policy for a certain period of time in his own name, if he so desires.

Another provision of importance in a consideration of the cause is the incontestability provision, which is number 13 in the provisions attached to the policy, and provides as follows:

"13. INCONTESTABILITY:—This policy shall be incontestable after one year from its date of issue, except for non-payment of premium."

Richard on the Law of Insurance, 4th Ed., par. 376, p. 667, refers to this clause as one somewhat analogous to a short statute of limitations or repose. The

author of that work regards it as one placed in the policy for the purpose of enticing persons to take out such insurance by reason of the reliance upon this provision of the policy in the belief that after the period of one year the beneficiary will be fully protected.

Language in an insurance policy is construed favorably to the insured and it may well be said that after the period of one year, the insured is entitled to the benefit of the presumption of continuity of service so long as the premiums are paid by the employer. *Monahan v. Metropolitan Life Ins. Co.*, 283 Ill. 136. We can, however, safely assume that at least under this incontestability clause the burden of proof would have been upon the defendant to show that the policy was void because of the fact that the insured had left the employment of his employer.

In the case of *Mutual Reserve Fund Life Ass'n v. Austin*, 142 Fed. 398, the court in its opinion says:

"The term 'incontestable' is of great breadth. It is the 'policy' which is to be incontestable. We think the language broad enough to cover all grounds for contest not specially excepted in that clause. The word 'policy' may well be taken to mean a formal document delivered by the company, and containing evidence of an obligation to pay. Such a document so delivered is ordinarily contestable, with reference to questions arising in connection with its delivery and payment of the first premium, as well as with reference to statements contained in the application."

This incontestability clause, while contained in the provisions attached thereto, is entitled to the same consideration as if it had been inserted at large in the policy. *Hurt v. New York Life Ins. Co.*, 51 F. (2d) 936.

The provision in the policy that if the employment of the insured was terminated during the life of the

policy it vitiated the policy, was a condition subsequent in our opinion and not a condition precedent. A clause in a policy which provides that, in the event of the happening of a certain thing, the policy shall become void is not a condition precedent to the procuring of the policy, but something that occurs thereafter and, consequently, comes within the purview of a condition subsequent. In the case of *Kleinman v. Globe & Rutgers Fire Ins. Co.*, 111 N. J. L. 374, the court in its opinion quotes with approval from *Center Garage Co. v. Columbia Ins. Co.*, 96 N. J. L. 456, and says:

" 'Clauses contained in policies of insurance which provide that the policy shall be void or the insurer relieved of liability on the happening of some event or the doing of or omission to do some act by the insured are not in any sense conditions precedent. If they are conditions at all, they are conditions subsequent, and constitute matters of defense, which, together with their breach, must be pleaded by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is of course, upon the party pleading it. 4 Joyce Ins. Ch. 2190, and cases cited.' "
To the same effect see *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236; *Union Trust Co. v. Chicago Nat. Life Ins. Co.*, 267 Ill. App. 470.

The question as to the burden of proof in a group insurance policy, where the defense is as in this case that the deceased had left the employ of his employer prior to his death, is squarely passed upon in the case of *Travelers' Ins. Co. v. Fox*, 155 Md. 210. There the defendant pleaded the general issue and a special plea setting up the fact that the insured was no longer in the employ of his employer at the time of his death. The court in its opinion said:

"The burden of proving the discharge was on the defendant. It was for the jury to determine whether

that burden had been met. *Calvert Bank v. Katz,* 102 Md. 56; *Lemp Brewing Co. v. Mantz,* 120 Md. 176; *Travelers' Ins. Co. v. Connolly,* 145 Md. 554.''

In the case of *Baker v. Prudential Ins. Co.,* 279 Ill. App. 5, which was a case based upon a group insurance policy, the court said:

''The incontestable provision did not prevent the defendant insurance company from showing that the policy was no longer in effect because Baker had been discharged a month before his death.'' We gather from this language that it was the opinion of the court in that case that the burden was upon the defendant to prove such facts. It was also held in that case that although there was an incontestable clause in the policy, the defendant was not precluded from proving a forfeiture of the policy by reason of a violation of one of its terms and conditions. See also *Hamson v. Travelers' Ins. Co.,* 274 Ill. App. 80.

We have examined the authorities cited by the defendant on the question of the burden of proof, but we find that they do not conflict with the general rule that proof of the happening of an event, which would vitiate the policy and therefore a condition subsequent, is upon the insurer.

In the case of *Duval v. Metropolitan Life Ins. Co.,* 82 N. H. 543, cited by the defendant, it appears from the opinion that plaintiff's counsel over and over again admitted the termination of the employment and stated that his cause was one of waiver or reinstatement. Naturally the proof of waiver is upon the person claiming it. Neither do we find anything in the other cases cited in conflict with the rule as we have expressed it in this opinion.

The defendant company has received its premiums in full and, so far as the record discloses, has made no effort to refund any part of such premiums. Certainly the incontestability clause in the policy should place the burden upon the insurance company after a period

of one year. If, as already stated, this provision is in the nature of a period of limitation, then the burden should be upon the defendant after the lapse of that time. Moreover, as the condition in regard to employment is one which necessarily must arise after the issuance of the policy and the payment of the first premium, it becomes a condition subsequent and therefore one which places the burden upon the insurance company.

We believe the trial court was in error in directing a verdict at the end of plaintiff's case. In the view we take of this proceeding, it is unnecessary to discuss at length the question of the competency of the wife as a witness, other than to say that we are of the opinion that the statute has no application and that she is a competent witness and that her testimony should be received subject to relevancy, materiality and such other matters as surround the governing of testimony by any other witness, except in so far as the fact that she is interested would bear upon the weight to be given to it. For the reasons stated in this opinion, the judgment of the circuit court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and HALL, J., concur.