The complainant was and is engaged in the business of baking and selling bread, rolls, cake and bakery products. The defendant was employed by the complainant on March 20, 1933, as the manager of its agency in Wilmington, Delaware. The contract of employment was in writing. It contained the following among other provisions:
"Furthermore, inasmuch as the said manager is being employed in a confidential position and will have complete knowledge of the affairs of the plant and the customers and those dealing with it, the said manager covenants, promises and agrees to and with the company, its successors, or assigns, that upon the termination of this contract for any cause whatsoever he will not engage in or be interested in, either directly or indirectly, or be employed in or in connection with, or furnish any information concerning the Company's business to any baking business or plant located in any territory being served by The Capital Bakers, Inc., at the termination of this agreement, for a period of one year from the date of termination thereof."
The bill alleges that the complainant now is and for some years has been engaged in carrying on its said business in the States of Delaware, Pennsylvania and Maryland. The duration of the defendant's employment was stated by the contract to be "until terminated by either party on thirty days written notice."
The bill alleges that the defendant's employment by the complainant was terminated by the complainant as provided by the terms of the agreement. The defendant, by his answer, denies that the complainant terminated his employment in accordance with the terms of the agreement, and avers on the contrary that he was discharged without the complainant's having given him the thirty days' written notice as required by the agreement.
Convenience will be served by treating the demurrer and the rule for injunction under separate heads.
 Demurrer.
First, then, as to the demurrer. The defendant assails the bill as insufficient on the ground that the contract lacks mutuality of obligation, is founded on an insufficiency of consideration, is inequitable and is void as against public policy.
[1] The consideration for the defendant's agreement not to compete after the termination of his employment, was the promise to employ and the employment of him by the complainant. This answers the objections based on the alleged lack of mutuality of obligation and the alleged insufficiency of consideration. Sarco Co. of N. J. v. Gulliver (N. J. Ch.) 129 A. 399, 3 N. J. Misc. 641, affirmed 99 N. J. Eq. 432,131 A. 923; City Ice Fuel Co. v. Snell (Mo.App.) 57 S.W.(2d) 440.
It is next said that the contract is inequitable and is void as contrary to public policy. These two contentions may be considered together.
[2] Whatever might have been the early rule on the subject, it is now too well settled to be disputed that an agreement by an employee not to follow his trade or business for a limited time and during a limited period is not void as against public policy, when the purpose of the agreement and its reasonable operation is to protect his employer from the injury which the employee's subsequent activity in the way of trade may occasion. This *Page 650 
was conceded, though not decided in General Baking Co. v. Soles, 18 Del. Ch. 343, 162 A. 58. Many cases might be cited in support of the proposition. The Restatement of the Law of Contracts, vol. 2, § 516 (f), summarizes the effect of the cases as follows: "A bargain by an assistant, servant or agent not to compete with his employer, or principal, during the term of the employment or agency, or thereafter, within such territory and during such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employer or agent," is not an unreasonable restraint of trade unless effecting, or forming a part of a plan to effect, a monopoly. Of course in this case there can be no suggestion of a monopoly.
The language of the contract to which the defendant assented commits him to the proposition, for the purposes certainly of the demurrer, that his employment was such that he was in a confidential position as manager of the complainant's Wilmington agency and that as such manager, he would gain complete knowledge of the affairs of the complainant's plant and of the customers and persons dealing with it. Damages at law would afford the complainant an inadequate remedy for the defendant's breach of his covenant not to exploit his intimacy of acquaintance with the complainant's business and customers which his former employment had afforded, by hiring himself to a competitor of the complainant.
But it is said the restrictive covenant is broader than the protection of the complainant necessitates. The contract, supplemented by the bill's allegations, reveals that the defendant is obligated not to engage in the baking business anywhere in the States of Delaware, Pennsylvania and Maryland. How the knowledge of the complainant's business which the defendant acquired as manager of its agency at Wilmington, Delaware, can be said to be such that if the defendant were to become engaged by a baking concern anywhere in the wide territory of Pennsylvania and Maryland, the complainant would be injured because of the defendant's localized information, it is difficult to see. The observation of Mr. Justice Bradley in Oregon Steam Navigation Co. v. Winsor, 20 Wall. (87 U. S.) 64, 69, 22 L. Ed. 315, is quite to the point in this connection. He said: "It is clear that a stipulation that another shall not pursue his trade or employment at such a distance from the business of the person to be protected, as that it could not possibly affect or injure him, would be unreasonable and absurd." What the defendant learned of the complainant's plant and customers in Wilmington and its trade environs could not be utilized by the defendant to the complainant's disadvantage at some point or points competitively remote from the Wilmington territory.
[3, 4] The restraint in this case would at first blush therefore seem to be clearly unreasonable as to territory. But where the contract is so unreasonably broad in the area of its operation as to be void as a matter of public policy, if, nevertheless, it be so divisible that the lawful area can be separated from the unlawful, a court of equity will enforce the contract to the extent that it is lawful and refuse recognition to it to the extent that it is unlawful. It was so held in Smith's Appeal, 113 Pa. 579, 6 A. 251, where a covenant in restraint of trade applicable to "the county of Lehigh or elsewhere" was enforced as to the County of Lehigh and not elsewhere. And in Oregon Steam Navigation Co. v. Winsor, supra, the same principle was applied by the Supreme Court of the United States in respect to the duration of the covenant's life.
In the instant case the covenant in point of territory is divisible into the three areas of Delaware, Pennsylvania and Maryland. While it may not be enforceable in Maryland and Pennsylvania, it may, dependent on the circumstances, be enforceable throughout the area of Delaware. This consideration is enough to warrant the retention of the bill and consequently the overruling of the demurrer.
 Rule for Injunction.
[5, 6] The preliminary injunction should not be ordered. An issue is made by the bill and sworn answer as to whether the complainant in the dismissal of the defendant from its employ, violated the contract existing between them. The bill in general terms alleges that the defendant's employment was terminated in accordance with the contract's provisions. The answer denies that allegation and specifically avers that the complainant breached the contract by discharging the defendant without having given the thirty days' notice to which the defendant was entitled. For the present, I accept the denial and averment of the answer. Should the complainant, then, who has violated the contract be afforded the injunctive aid of this court to restrain the defendant from violating it? As a general proposition, one who himself has breached a contract has no standing in equity to compel the other party to perform it. This general principle has received a particular *Page 651 
application to a state of facts precisely similar to those found for the present to exist in the instant case. American Ice Co. v. Hunter, 60 Pa. Super. 311.
The rule for preliminary injunction will therefore be discharged.
 *Page 164