PETERS v. ÆTNA LIFE INSURANCE CO. OF HARTFORD,
CONN.

1. INSURANCE—TERMINATION OF GROUP POLICY—BURDEN OF PROOF.
    Burden of proof that policy of group insurance had lapsed by
    reason of termination of insured's employment *held*, on in-
    surer, where it is not claimed employer had terminated the
    employment.

2. SAME—GROUP POLICY—TERMINATION OF EMPLOYMENT—EVIDENCE.
    Termination of employment, as that phrase is used in group life
    insurance policy, *held*, to mean something more than that the
    employee ceased to work and the employer to pay him; to mean
    a complete severance of the relation of employer and employee
    by positive act on the part of either or both and in the absence
    of conclusive evidence, the character of the cessation of work
    must be found from the attendant circumstances.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EVIDENCE.
    Rulings on evidence are not reviewable upon appeal from judg-
    ment for defendant *non obstante veredicto*, where plaintiff asks
    reversal and entry of judgment upon the verdict and not re-
    versal with new trial and defendant does not take a cross-
    appeal.

4. INSURANCE—GROUP POLICY—TERMINATION OF EMPLOYMENT—
    QUESTION FOR JURY—EVIDENCE.
    In action by beneficiary under group life insurance policy for
    death of son on 13th day after last day he worked for em-
    ployer, evidence *held*, to present issue to jury of whether em-
    ployment relation had ceased, where premium was paid for
    day after last day of work and policy continued in force dur-
    ing a temporary lay-off.

Appeal from Wayne; Warner (Glenn E.), J., pre-
siding. Submitted January 19, 1937. (Docket No. 37,
Calendar No. 39,267.)   Decided May 21, 1937.

Action by Pearl Peters against Ætna Life Insur-
ance Company of Hartford, Connecticut, and Chry-

sler Corporation for sums due on a group life insurance policy. Verdict for plaintiff against defendant insurance company. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Sol Blumrosen*, for plaintiff.

*Butzel, Eamon, Long, Gust & Bills* (*Charles F. Cummins*, of counsel), for defendants.

FEAD, C. J. Plaintiff brought action on a group insurance policy for death of her son, Chester Peters. The policy provides:

"The insurance of any employee shall automatically cease when the employee fails to make the required premium contribution, or upon termination of employment; except that if any employee is absent on account of sickness or injury, temporarily laid off, granted leave of absence, pensioned or retired, his insurance shall continue until it is terminated by the employer."

It also contained the conversion privilege upon termination of employment and provision for individual certificates to the employees, as required by 3 Comp. Laws 1929, § 12435.

It is undisputed that the last day Chester Peters worked for Chrysler Corporation was June 4, 1930, and that he died June 17, 1930. It is not claimed that his insurance was terminated by his employer.

The court submitted to the jury the sole issue whether on June 4th Peters' employment terminated or he was temporarily laid off. The jury returned a verdict in favor of plaintiff and against defendant insurance company. The court entered judgment for defendant *non obstante veredicto*.

The burden of proof that the policy had lapsed by reason of termination of Peters' employment was on defendant. *Wilson* v. *Prudential Ins. Co. of America,* 276 Mich. 232; *Sturmer* v. *Travelers Ins. Co.,* 279 Ill. App. 607; *Travelers Ins. Co. of Hartford* v. *Fox,* 155 Md. 210 (141 Atl. 547).

It is evident that "termination of employment" within the terms of the policy means something more than that the employee ceased to work and the employer to pay him. Such a situation ordinarily would exist in case of sickness, injury, lay-off, or leave of absence, during which, by its express terms, the policy nevertheless continued in force. The clause must mean a complete severance of the relationship of employer and employee by positive act on the part of either or both. In the absence of conclusive evidence, the character of the cessation of work must be found from the attendant circumstances. *Powell* v. *Equitable Life Assur. Society of the United States,* 173 S. C. 50 (174 S. E. 649); *Zeigler* v. *Equitable Life Assur. Society,* 219 Iowa, 872 (259 N. W. 769); *Ozanich* v. *Metropolitan Life Ins. Co.,* 119 Pa. Super. 52 (180 Atl. 67, 576).

Both parties claim that incompetent testimony was received, but as plaintiff asks reversal and entry of judgment upon the verdict and not reversal with new trial, and as defendant did not take a cross-appeal, the rulings on evidence are not for review. Moreover, most of the testimony now challenged was received without objection.

There was testimony of a custom of the employer sometimes to discharge and sometimes to temporarily lay off employees as long as three months. It was the business of Peters' foreman to discharge or lay him off. The foreman was not produced at the trial. A witness stated that he was at the plant the

day of trial but later said he was not employed there any more. Defendant showed no effort to find the foreman. It was also the business of the foreman to make written "recommendation" to the employment office of the character of dismissal for the office records. The foreman's recommendation as to Peters was not produced but it was testified that it had been destroyed in accordance with the custom to keep such papers only a certain period. No one testified to its contents. So there was no original written or direct evidence of the circumstances of Peters' ceasing to work.

The employment rolls were offered but were not received. However, there was oral testimony that Peters' name did not appear upon the rolls as an employee after June 4th; that against his name on the roll was the letter "D", which was declared to mean discharged; and that the letter "L" would stand for a general lay-off. But the witness could find no record of the letter "L" on the rolls as to any employee.

This hearsay was met by testimony of Peters' father, corroborated by plaintiff, to the effect that, after Chester's death, he went to the Chrysler office to inquire about the insurance, was referred to the insurance company office, and was there told by the person in charge, after examination of records, that Chester had been given a short lay-off. This claimed admission at least tends to balance the hearsay testimony as to the contents of the employment rolls.

The pay roll records of the employer were received and showed that by pay check, dated June 10th, Peters was paid for work ending June 5th, without deduction except for an advance of money; and that a deduction of $1.40 had been made May 25th for the regular two weeks' insurance

premium paid by the employee on the group policy. Peters' father testified that he saw his son's last pay check and there was a deduction made in it for insurance. If insurance premium was deducted from the last pay check, it would have some force of indicating that the employment had not wholly ceased but that the lay-off was temporary. Peters' last pay check was not produced by defendant, and, consequently, the fact is not undisputed.

About the time clocks were signs to the general effect that upon termination of employment the insurance should cease unless arrangements were made to pay the premiums to the local secretary. The certificate to be delivered to the employee provides for such arrangement to continue the insurance as to any member who is temporarily laid off for a period not to exceed 30 days. There was testimony that Peters had not received the certificate. In any event, it did not change the provision of the policy that it continued in force during temporary lay-off.

From review of the record, it is apparent that it was not direct or conclusive upon the issue of the termination of the employment but that the testimony and the inferences that may be drawn from it are in conflict, and, consequently, the issue was for the jury.

Reversed and remanded, with directions to enter judgment for plaintiff upon the verdict.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.