134 A.2d 843 (1957)
ORIGINAL VINCENT and JOSEPH, Inc., a corporation of the State of New Jersey, Plaintiff,
v.
Vincent SCHIAVONE and
Walter Parente, Frank Falzone, Barbara H. Breitigan and Joanna Trincia, Defendants.
Court of Chancery of Delaware, New Castle.
October 9, 1957.
Henry M. Canby and Max S. Bell, Jr., Wilmington, for plaintiff.
Thomas H. Wingate, Wilmington, for defendants.
MARVEL, Vice Chancellor.
Plaintiff operates a beauty shop on Governor Printz Boulevard, north of Wilmington. In February 1955, the defendant, Vincent *844 Schiavone, who had prior to that time worked for plaintiff in Philadelphia, became manager of plaintiff's Wilmington shop, allegedly under a written contract. It is claimed that such contract provided that in the event Schiavone were to leave plaintiff's employ he would not engage in the same business as his employer for the space of two years within five miles of plaintiff's shop. Schiavone denies that he entered into a contract which in any way limits his right to compete with plaintiff.
The other defendants admittedly are under contract to plaintiff under terms which provide that in the event of termination of their employment by plaintiff they shall not for a space of one year engage in the same business as the employer within three miles of the location of plaintiff's Wilmington shop.
In July, 1957 all the defendants left plaintiff's employ and are now engaged in the business of hair dressing and the like at 1014 Delaware Avenue in Wilmington. This place of business is managed by Schiavone and is located less than three air miles from plaintiff's shop, although by road the distance between the two shops is more than three miles.
A rule issued directing defendants to show cause why a preliminary injunction should not issue restraining them inter alia[1] from competing with plaintiff in violation of their contracts and this is the opinion of the Court after argument on the return of the rule.
Plaintiff contends that in Delaware[2] "* * * an agreement by an employee not to follow his trade or business for a limited time and during a limited period is not void as against public policy, when the purpose of the agreement and its reasonable operation is to protect his employer from the injury which the employee's subsequent activity in the way of trade may occasion."[3] Capital Bakers, Inc., v. Leahy, 20 Del.Ch. 407, 178 A. 648, 649. In the cited case, which was concerned with a former manager's relations with a baking business, the contract of employment stated that inasmuch as the manager-defendant was being employed in a confidential position and would have complete knowledge of the affairs of the employer's plant and the customers and those dealing with it that for a period of one year after the termination of the contract, the employee would not engage in, be employed in or furnish any information about the employer's business to, any baking business within the territory served by the employer. The Court pointed out that:
"The language of the contract to which the defendant assented commits *845 him to the proposition, for the purposes certainly of the demurrer, that his employment was such that he was in a confidential position as manager of the complainant's Wilmington agency and that as such manager, he would gain complete knowledge of the affairs of the complainant's plant and of the customers and persons dealing with it. Damages at law would afford the complainant an inadequate remedy for the defendant's breach of his covenant not to exploit his intimacy of acquaintance with the complainant's business and customers which his former employment had afforded, by hiring himself to a competitor of the complainant."
While the Chancellor went on to state that the geographical extent of the contractual restraint, which covered Delaware, Pennsylvania and Maryland, was too broad, he was of the opinion that "dependent on the circumstances" the covenant might be enforceable in Delaware and overruled the demurrer.[4] In the earlier case of General Baking Co. v. Soles, 18 Del.Ch. 343, 162 A. 58, the Chancellor had declined to enjoin defendant's proprietary competition with his former employer because defendant had covenanted merely to refrain from being employed by a competitor.
While the later Chancery decision of Livingston v. Macher, 30 Del.Ch. 94, 54 A.2d 169, is based on New York law and the Supreme Court and the Court below in Roane, Inc., v. Tweed, 33 Del.Ch. 4, 89 A.2d 548, 41 A.L.R.2d 1, reversing 32 Del.Ch. 90, 80 A. 2d 290, applied Maryland law, I cannot accept plaintiff's apparent contention that because foreign law was involved these later cases may be ignored. Unlike the Capital Bakers case, whih was decided on demurrer, these decisions were preceded by trials. They not only review in detail the contracts in question but go meticulously into the facts and circumstances which tend to explain the actual bargain made by the contracting parties.
Turning to the present application I am first of all persuaded that courts of equity are less prone to enforce a restriction against competition in the a case of a mere employment contract than in a case where such a restriction is part of a contract for the sale of a business, 5 Williston on Contracts (Rev.Ed.) § 1643. It is also obvious that many modern decisions having to do with restrictive covenants search carefully into the equities of a specific case, Tawney v. Mutual System of Maryland, 186 Md. 508, 47 A.2d 372, Livingston v. Macher, supra, and Roane, Inc., v. Tweed, supra.
I conclude for the purposes of the pending motion that consideration for the admitted contracts exists as a formal matter and that there has been at least a preliminary showing of a right to some equitable relief. In so holding I conclude that the phrase "within three (3) miles" in the contracts before me necessarily means air miles, Duignan v. Walker, 28 L.J.Ch. 867, 70 Eng.Rep. 496; Evans v. U. S., 2 Cir., 261 F. 902, and Annotations in 54 A.L.R. 784 and 96 A.L.R. 779, however, the Schiavone contract has not been produced or admitted and the facts which will determine whether or not the admitted[5] contracts should be enforced in toto by injunction cannot, in my opinion, be resolved short of trial.
As in the case of Roane, Inc., v. Tweed, supra, the activities of the defendants as *846 presented by affidavit and deposition present an unpleasant picture of disloyalty to an employer, however, I am not concerned with business ethics but rather with plaintiff's preliminary right to have defendants' present beauty shop activities enjoined by court order.
I conclude that plaintiff has not successfully carried the burden of showing that reasonable probability of ultimate success to an extent that would justify the entering of the broad type of preliminary injunction which plaintiff seeks, Allied Chemical & Dye Corp. v. Steel & Tube Co., 14 Del.Ch. 117, 122 A. 142. I so decide despite the fact that I am satisfied that those defendants admittedly under formal contract have violated the language of such contracts by going into a competitive business within the prohibited area.
I also conclude preliminarily that such defendants under Schiavone's direction have taken advantage of their personal contacts with plaintiff's patrons, that they have in effect used[6] "lists of (plaintiff's) customers", and that the use of such lists or their equivalent is causing injury to plaintiff's business. Accordingly the defendants, other than Schiavone, will be preliminarily enjoined from using or taking any advantage of any information or data in their possession as to names and addresses of present and former customers of plaintiff's Wilmington shop.
As to plaintiff's other prayers, I have reached the following conclusions. Although this Court would not have independent jurisdiction of plaintiff's claims for books and records and other items of personal property allegedly held by the defendant, Schiavone, jurisdiction of these claims should be retained to avoid a multiplicity of suits, Du Pont v. Du Pont, 33 Del.Ch. 571, 98 A.2d 493. Inasmuch as the parties have not briefed the question of this Court's jurisdiction to enjoin alleged infringement by defendants of plaintiff's patent covering a method of cutting and styling hair, I will not comment on this phase of the case at this juncture.
On notice, an order in conformity with the above will be entered.
NOTES
[1] Plaintiff also seeks injunctive relief against defendants' use of plaintiff's alleged patent for a method of cutting and styling women's hair, the use by defendants of their knowledge of the names and addresses of plaintiff's customers and the return of books and records and other personal property of plaintiff's allegedly held by defendants.
[2] For the purpose of deciding plaintiff's motion I assume that plaintiff's right to equitable relief under the contracts in question is governed by the law of Delaware.
[3] The Chancellor cited the Restatement of the Law, Contracts, Vol. 2, § 516(f), p. 996, for this proposition. It gives the following example of a bargain not imposing an unreasonable restraint of trade." (f) A bargain by an assistant, servant, or agent not to compete with his employer, or principal, during the term of the employment or agency, or thereafter, within such territory and during such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employee or agent."

However, the Restatement's comment on par. (f), p. 1001, reads as follows: "(h) A promise of a former employee will not ordinarily be enforced so as to preclude him from exercising skill and knowledge acquired in his employer's business, even if the competition is injurious to the latter, except so far as to prevent the use of trade secrets or lists of customers, or unless the services of the employee are of a unique character."
[4] He declined, however, to grant an injunction on the grounds that the answer specifically averred that defendant had been improperly discharged without the notice required by the contract.
[5] Significantly these contracts do not contain covenants against solicitation of plaintiff's customers but bar the employee generally from engaging in the same business as the employer. Compare Roane, Inc., v. Tweed, supra; Seligman & Latz of Pittsburgh, Inc., v. Vernillo, 382 Pa. 161, 114 A.2d 672. Furthermore they mention but do not stress a guided apprenticeship as was the case in the Vernillo case.
[6] See Comment on Clause (f) § 516 of the Restatement of the Law, Contracts, note 3, supra.