**KNOWLES–ZESWITZ MUSIC, INC., a Corporation of the State of Delaware, Plaintiff,**

v.

**James J. CARA, Defendant.**

Court of Chancery of Delaware.

New Castle.

Nov. 25, 1969.

Joseph R. Biden, Jr., of Aerenson & Balick, Wilmington, for plaintiff.

Francis J. Trzuskowski, of Connolly, Bove & Lodge, Wilmington, for defendant.

MARVEL, Vice Chancellor:

According to its complaint, Knowles-Zeswitz Music, Inc. is engaged in the business of selling and leasing musical instruments and related supplies in the states of Delaware, Pennsylvania, New Jersey, and Maryland, however, the sole area from which it seeks to exclude the competitive activities of its former employee, the defendant James J. Cara, encompasses only specified schools in northern Delaware.

Plaintiff was formed in the latter part of 1964 to take over the business of Knowles Music Inc., a local Wilmington concern engaged in the business of selling and renting musical instruments to school children, the latter corporation having run into financial difficulties. The defendant Cara, who had been a salesman for Knowles Music, Inc. since November 1963, thereupon contracted with plaintiff to perform the same type of services. Plaintiff, which is an affiliate of Zeswitz, Inc. of Reading, Pennsylvania sells musical instruments and supplies through various agencies over a wide area. Until about January 21, 1969, the defendant James J. Cara continued to be employed by plaintiff as a salesman. His duties were to visit schools in the area here in issue for the purpose of selling musical instruments and supplies to school bands and orchestras by dealing with band directors, teachers and others concerned with music in school programs. However, since February 1, 1969,

Mr. Cara, having left plaintiff's employ on January 21, has been employed by the Wilmington Piano Company in the same capacity, such corporation being engaged in the business of selling and renting musical instruments and supplies in the states of Delaware, Pennsylvania, New Jersey, and Maryland. Such company, which thus competes directly with plaintiff, has been dismissed as a party to this action.

Plaintiff seeks a permanent injunction banning Mr. Cara from selling or renting musical instruments to certain customers with which he dealt while employed by Knowles-Zeswitz. Plaintiff has also prayed for actual and punitive damages to which it claims to have became entitled as a result of alleged violations by the defendant Cara of a restrictive covenant hereinafter discussed, the latter having, as a representative of Wilmington Piano Company after February 1, 1969, continued to sell and rent musical instruments and related supplies to those schools for which he was plaintiff's sole representative during the last year of his employment by plaintiff.

Plaintiff bases its claim for injunctive relief on the terms of the contract of employment which was entered into between the present parties on October 3, 1964. The meaning and force of which, the parties agree, is to be governed by the law of Delaware. Paragraph 10 of such contract provides in part as follows:

"It is expressly agreed that for a period of 2 (two) years after the termination of this agreement, for any cause whatsoever, the said Cara will not directly or indirectly as employee, employer, or otherwise engage in a similar type of business as conducted by Knowles-Zeswitz within the territory limits of 100 (one hundred) miles of Wilmington, Delaware or 25 (twenty-five) miles from any school district with which relations shall have been opened during the term of this agreement or prior to this agreement by Knowles-Zeswitz or any of its affiliated companies including Zeswitz Music Center and Keyboard Studios, or which may have been planned by Cara during the term of this agreement for opening after the termination of said agreement. Nor will Cara act in the aid of the business of any rival, or competing firm, person, or corporation in the same or similar business within this area during this period; nor at any time disclose or furnish to any one, firm, or corporation other than Knowles-Zeswitz, the names, addresses, or interests of any of the customers of said Knowles-Zeswitz. In addition, it is specifically agreed that should the type of work or the remuneration received by Cara be changed by mutual agreement at any time, the remaining covenants of this agreement shall remain in full force and effect."

As noted above, Cara was hired by plaintiff as a commission salesman of musical instruments for music students and band members at the schools in question, and it is conceded that Mr. Cara since February 1, 1969 has held a similar position with the Wilmington Piano Company, being engaged in selling and renting musical instruments and supplies to students at the same schools at which he served as plaintiff's representative. Thus, the issues to be decided are first, whether or not the covenant not to compete found in Paragraph 10 of the contract here in issue is subject to enforcement by injunction and second, the damages, if any, suffered by plaintiff as the result of defendant's breach of the covenant should it be held be enforceable.

Defendant argues: (1) that plaintiff has an adequate remedy at law; (2) that plaintiff breached the agreement by failure to treat defendant as an employee during the summer of 1965, and (3) that the terms of Paragraph 10 above are unreasonably restrictive and are, accordingly, void.

Defendant's first contention is based on a damage provision clause found in paragraph 10 of the contract. This clause provides inter alia that " * * * in the case of any default on the part of Cara

in performance of any of the terms and conditions set forth in paragraph 10 * * *" that the latter will confess judgment "* * * in favor of Knowles-Zeswitz for the just sum of $5,000 * * *".

■ Defendant argues that the inclusion of such an indemnification provision in the contract here in issue provides plaintiff with an adequate remedy at law for any breach of covenant for which Mr. Cara may be found to be liable. The language of this provision, however, does not purport to make monetary relief an exclusive remedy for a breach of covenant on defendant's part nor does the contract provide that the penalty for nonperformance is to be restricted to five thousand dollars. See 42 Am.Jur.2d, Injunctions, § 95. Plaintiff, on a proper showing, is entitled to appropriate injunctive relief in the event the covenant in issue is found to be enforceable.

■ The next question to be considered is whether or not a breach of the employment agreement on the part of plaintiff occurred during a three month period during the summer of 1965, thereby relieving defendant from his contractual obligations thereunder. Defendant contends that such a breach then occurred inasmuch as he shifted his work to the shop of Knowles Music, Inc. as an inside salesman during this period, Knowles-Zeswitz having discontinued Mr. Cara's minimum draw of fifty dollars a week. The testimony adduced at trial satisfies me, however, that Mr. Cara's temporary summer employment by Knowles Music, Inc. was the result of a situation brought on by Mr. Cara himself, he having exceeded his draw from plaintiff with no expectation of making commissions which would bring his account with plaintiff into balance until the beginning of the new school year. Such arrangement was, in my opinion, agreed upon by the parties and Knowles Music, Inc., and a relationship of employer and employee as between plaintiff and defend-

ant continued under the terms of their contract. See Peters v. Aetna Life Ins. Co., 279 Mich. 663, 273 N.W. 307, cited in the different factual situation found in Steward In-fra-Red Commissary v. Conner, 42 Del.Ch. 118, 205 A.2d 3, where an employer-employee relationship was found to have ceased. In fact, while Mr. Cara worked for Knowles Music, Inc. during the summer of 1965 as a shop salesman, he nonetheless attended sales meetings organized by plaintiff during such period and called on certain school accounts at plaintiff's behest preparatory to the opening of the new school year. And, although Cara did look for another job during this period, he did so in order to protect himself in case his position with plaintiff was to be terminated, an event which did not come to pass. Finally, Mr. Cara's conduct in seeking to test his so-called rights under the contract shortly before he accepted new employment with Wilmington Piano Company is indicative of the fact that he recognized the contract in question as subsisting.

■ Finally, defendant contends that the covenant not to compete, here involved, is too broad in a geographical sense and that its terms are accordingly unreasonable and therefor invalid. In the case of Capitol Bakers v. Leahy, 20 Del.Ch. 407, 178 A. 648, a case concerned with protecting a baker whose employees would necessarily acquire knowledge of bakery affairs and its customers, as is the case here, this Court noted that Delaware recognized the general validity of restrictive covenants in employment contracts, stating:

"Whatever might have been the early rule on the subject, it is now too well settled to be disputed that an agreement by an employee not to follow his trade or business for a limited time and during a limited period is not void as against public policy, when the purpose of the agreement and its reasonable operation is to protect his employer from the injury which the employee's subsequent activity in the way of trade may occasion."

This principle is qualified, however, by the further rule that where a sale of a business is not involved, courts should be less prone to enforce such covenants. In the case of Original Vincent and Joseph, Inc. v. Schiavone, 36 Del.Ch. 548, 551, 134 A.2d 843, 845, the Court stated:

"Turning to the present application I am first of all persuaded that courts of equity are less prone to enforce a restriction against competition in the case of a mere employment contract than in a case where such a restriction is part of a contract for the sale of a business, 5 Williston on Contracts (Rev.Ed.) § 1643."

■ And while this Court evidently once paid lip service to what was referred to as the "blue pencil test" and granted partial enforcement of parts of restrictive covenants not to compete on a theory of contract divisibility, thus enforcing the lawful parts of a restrictive covenant rather than denying any relief whatsoever, Capital Bakers v. Leahy, supra, the modern view, which I believe applies in Delaware, is that a restrictive covenant should be enforced only to the extent that it is reasonable so to do, John Roane, Inc. v. Tweed, 33 Del.Ch. 4, 89 A.2d 548, 41 A.L.R.2d 1, reversing, 32 Del.Ch. 90, 80 A.2d 290, Formula Floor Products v. Davis, Del.Ch., C.A.No. 2794, and 5 Williston on Contracts (Rev.Ed.) § 1660.

■ Thus, it was held in the first cited case that a former employee who has agreed not to compete over a broad area will not be permitted to compete with his former employer in an area reasonably related to his former employment by appropriating to his own use a substantial measure of such former employer's good will. In other words, reasonable protection for an owner of a decentralized business is necessary because the former employee has had an opportunity to develop economically valuable relationships with his former employer's customers at least where, as here, enforcement of a covenant not to compete would not harm the public interest. This principle is particularly appropriate in a route case such as this where the term of the covenant, which is two years, is reasonable.

In the instant matter, Mr. Cara, since on or about February 1, 1969, has been and is now soliciting orders for musical instruments and supplies from students of New Castle County school districts on behalf of the Wilmington Piano Company. Many of these solicitations have taken place in the very same schools in which Mr. Cara procurred orders while he was plaintiff's employee, thus directly flaunting the covenant he had bound himself to in accepting work with plaintiff. However, since the record indicates that while Mr. Cara acted as the sole representative of Knowles-Zeswitz in all of the New Castle school districts, other musical instrument salesmen were working in the same area for other business entities in which Zeswitz, Inc., the parent corporation, had an interest. These salesmen were thus in contact with the same clientele with whom Mr. Cara dealt, and I am satisfied that there is nothing unique in plaintiff's techniques of selling.

■ Recognizing that the geographical area referred to in the covenant here in issue is much too broad, plaintiff seeks an order enjoining defendant from calling on any of those schools in New Castle County on which he called as a salesman for plaintiff. However, because other salesmen for Zeswitz, Inc. and its affiliates were active in the same area, an injunction directed against defendant's activities will be granted only as to those school districts for which he was sole representative for the Zeswitz interests in the last year of his employment until expiration of his covenant not to compete. Finally, as noted above, while plaintiff has prayed for damages, none has been proved, and action on such application will be deferred for the present.

On notice, an order may be submitted permanently enjoining the defendant from

selling or renting musical instruments and related supplies at those schools in New Castle County, Delaware, for which he was sole representative of the Zeswitz interests during the last year of his employment by plaintiff, until January 17, 1971, or upon the expiration of two years after defendant terminated the parties' contractual relationship by leaving plaintiff's employ.