0573

RITE-AID OF SOUTH CAROLINA, INC., Appellant, v. Jack M. CANTRELL, d/b/a Cantrell's Pharmacy, Respondent.

(336 S. E. (2d) 726)

Court of Appeals

*Reginald L. Foster* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellant.*

*James O. Thomason* and *Gerald G. Wilson,* Spartanburg, *for respondent.*

Heard Sept. 18, 1985.

Decided Nov. 5, 1985.

GARDNER, Judge:

Rite-Aid brought this action against Cantrell to enforce a noncompetition agreement entered into as an incident of the sale by Cantrell of a pharmacy business to Rite-Aid. The noncompetition agreement provided that Cantrell would not enter into a retail pharmacy or health and beauty aids business within three miles of the location of the business sold to Rite-Aid. The trial judge, trying the case without a

jury, construed the language "within three miles" as being the distance measured by the most direct road route from the former location. We affirm.

Cantrell opened a pharmacy business 3.2 miles from the former location along Highway 9 but approximately 120 feet less than 3 miles as the crow flies between the two stores. At issue on appeal is whether the trial judge erred in holding that the new store was not within three miles of the old store.

The issue presented is a novel one in South Carolina. Authorities[1] of other jurisdictions are divided; however, because of the insignificant difference between the road mileage and the mileage as the crow flies, we affirm the appealed order which resolved this case by the principle of law that ambiguities or conflicts in a written contract must be resolved against the party who prepared the contract. *Duke Power Company v. South Carolina Public Service Comm.*, 284 S. C. 81, 326 S. E. (2d) 395 (1985). In this case the contract was drawn by Rite-Aid's attorney and could have easily spelled out the method of measuring the three miles; the contract failed to do so; we therefore find no error.

Rite-Aid also contends the trial judge erred in finding no violation of the covenant not to solicit former customers. This is a factual issue on the law side of the court; there is sufficient evidence of record to support the finding of fact made by the trial judge; the contention is, therefore, rejected.

The issue of damages is moot because of our affirmance of the appealed order's ruling that there was no breach of the covenant not to compete.

For the reasons stated, the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.

---

[1] *See Original Vincent and Joseph, Inc. v. Schiavone*, 36 Del. Ch. 548, 134 A. (2d) 843 (1957); *Duigan v. Walker*, 28 L.J.Ch. 867, 70 Eng. Rep. 496 (Ch. 1859); *But see Leigh v. Hind*, 9 Barn. & Cress. 774, 109 Eng. Rep. 288 (K.B. 1829); *cf. Ferrone v. Mucci*, 335 Mass. 87, 138 N. E. (2d) 601 (1956); *Saltman v. Smith*, 313 Mass. 135, 46 N. E. (2d) 550 (1943). *See generally* Annot., 54 A.L.R. 781 (1928).