EVANS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  November 24, 1919.)

No. 22.

1. INTOXICATING LIQUORS ⬤⇒162—PROHIBITION CAMP ZONE DETERMINED BY STRAIGHT LINE MEASUREMENT.

In a prosecution for selling liquor within the five-mile zone around a military camp, created by presidential proclamation made under Selective Draft Act May 18, 1917, § 12 (Comp. St. 1918, § 2019a), whether the place of sale was within the prohibited zone is determined by measurement in a straight line.

2. WORDS AND PHRASES—"DISTANCE."

"Distance" is a straight line along a horizontal plane from point to point and is measured from the nearest point of one place to the nearest point of another.

3. INTOXICATING LIQUORS ⬤⇒130—EXTENT OF PROHIBITION ZONE AROUND MILITARY CAMP STATED.

The presidential proclamation issued under Selective Draft Act May 18, 1917, § 12 (Comp. St. 1918, § 2019a), prohibiting sale of liquor within a five-mile zone around a military camp, except that within the limits of a city or town where such sale is not prohibited the zone shall not include any territory more than one-half mile from the camp creates a single zone, and where the camp is within a city, and the zone includes part of the city and also outside territory, the exception does not extend to the latter.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of New York.

Criminal prosecution by the United States against Albert Evans. Judgment of conviction, and defendant brings error. Affirmed.

Henry F. Keith and Lamar Hardy, both of New York City, for plaintiff in error.

James D. Bell, U. S. Atty., of Brooklyn, N. Y. (Charles J. Buchner, Sp. Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge. The plaintiff in error, hereinafter called the defendant, has been convicted under an indictment which charged him with unlawfully selling intoxicating liquor, to wit, whisky, on January 20, 1919, at the village of Great Neck, county of Nassau, state of New York, to one Jackson Stockdale.

The sale is alleged to have been by defendant at his hotel in Great Neck, which it is stated is within a "dry" zone five miles wide established around Ft. Totten, New York City, pursuant to a regulation made by the President of the United States under authority of the act of Congress approved May 18, 1917. 40 Stat. 76, c. 15. The particular portion of that act which applies to the case at bar, reads as follows:

"Sec. 12. That the President of the United States, as commander-in-chief of the army, is authorized to make such regulations governing the prohibition of alcoholic liquors in or near military camps and to the officers and enlisted men of the army, as he may from time to time deem necessary or advisable. * * * Any person, corporation, partnership, or association violating the provisions of this section or the regulations made thereunder shall, unless otherwise punishable under the Articles of War, be deemed guilty of a misdemeanor and be punished by a fine of not more than $1,000 or imprisonment for not more than twelve months, or both." Comp. St. 1918, § 2019a.

In accordance with the authority delegated under the section of the act set out above the President of the United States on the 27th day of June, 1918, issued a proclamation. The portion of that regulation, which is material to this case, reads as follows:

"1. Around every military camp at which officers and enlisted men, not less than two hundred and fifty in number, have been or shall be stationed for more than thirty consecutive days, there shall be for the purposes set forth in this regulation a zone five miles wide, except that within the existing limits of an incorporated city or town, within which the sale of alcoholic liquors shall not be prohibited by the state or local law, the zone shall not include any territory more than one-half mile from the nearest boundary of such camp. Alcoholic liquor, including beer, ale, and wine, either alone or with any other article, shall not, directly or indirectly, be sold, bartered, given, served or knowingly delivered by one person to another within any such zone, or sent, shipped, transmitted, carried or transported to any place within any such zone."

The evidence in the record that a sale of the liquor was made, at the time and place alleged, is undisputed. It is also undisputed that Great Neck, where defendant's hotel and saloon are established, and where the sale took place, is not an incorporated city, town, or village.

The uncontradicted evidence is that for more than 30 days prior to the sale there were at Ft. Totten more than 250 enlisted men and officers of the United States army. The evidence is undisputed that defendant's saloon is less than five miles in an air line from Ft. Totten.

[1] The only proof offered on the part of the defendant was that the speedometer of a motor car traveling the shortest route registered more than five miles, traveled by driving from Ft. Totten to the defendant's place of business. But the distance is to be ascertained not by measuring the distance an automobile would travel in going from Ft. Totten to the saloon.

[2] Distance is to be measured in a straight line in a horizontal plane, unless there is a clear indication that another mode of measurement is to be adopted. 9 Am. & Eng. Encyc. of Law, p. 614. Distance is a straight line along the horizontal plane from point to point. It is measured from the nearest point of the one place to the nearest point of the other. 18 C. J. 1287.

In Leigh v. Hind, 9 C. & C. 774, 779, Parke, J., referring to the measurement of distance, said that he thought the proper mode of admeasuring distance "would be to take a straight line from house to house—in common parlance as the crow flies." The question came up where the assignor of a public house in London had covenanted that he would not keep a public house within the distance of half a mile from the premises assigned.

The defendant contends that a half-mile zone within an incorporated city is all that can be read out of the statute and regulation above cited. His argument fails, because it is without support in the physical facts. There is no half mile of city between his saloon and Ft. Totten. In an air line between Ft. Totten and Great Neck no part of the city of New York is found. The fort runs to the low-water mark on the land, and the New York City line ends at the low-water mark.

[3] The language of the statute and of the regulation creates one zone, and one zone only, around Ft. Totten, and defendant's place of business is within that territory. The attempt to read into the statute two zones is without any support in reason and cannot prevail. The statute provides for a zone five miles wide around every military camp, and if any such zone takes in any portion of an incorporated city or town within which the sale of alcoholic liquor is not prohibited by state or local law, then only so much of the territory of such city or town can be included in the prohibited zone as lies within one-half mile from the nearest boundary of the camp.

Judgment affirmed.