(No. 18089.—Reversed with judgment here.)
THE COUNTY OF STARK, Appellant, vs. THE COUNTY OF
HENRY, Appellee.

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

1. CONSTITUTIONAL LAW—*legislature may act on any subject not prohibited by constitution.* All legislative power is vested in the General Assembly, subject to restrictions contained in the State or Federal constitution, and every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by it.

2. COUNTIES—*the State has control over property of county.* Counties are but political subdivisions of the State and are subject to the full control of the State, acting, by general law, through the legislature; and their property, with the highways and bridges of the counties and towns, is held in trust for the entire public and is subject to the supreme control of the legislature unless restrained by constitutional limitations.

3. HIGHWAYS—*section 36 of Road and Bridge act, requiring counties to join in construction of certain bridges and culverts, is valid.* Section 36 of the Road and Bridge act, requiring that bridges and culverts on roads on or within eighty rods of county lines shall be constructed and repaired by the respective counties, is not invalid as violating due process of law, in taking from one county the power to levy taxes and giving it to another or in creating a debt against a municipal corporation for local purposes to be paid by taxation without consent of the tax-payers affected, as the revenues of a county are not the private property of the county but are subject to the control of the State legislature in the interest of the public.

4. SAME—*what determines distance of bridge or culvert from county line under section 36 of Road and Bridge act.* To determine whether a bridge or culvert is within eighty rods of a county line within the meaning of section 36 of the Road and Bridge act, the distance is to be measured by a straight line from the bridge to a point on the county line and not along the road.

5. CONSTRUCTION—*general rule as to proper method of ascertaining distance.* Where the distance sought to be ascertained is the distance between two designated points and there is nothing in the context to indicate the manner in which the measurement is to be ascertained, distance is to be measured in a straight line

on a horizontal plane; but where the distance is between cities, where mileage is to be computed, or where the context indicates that the distance is to be traveled, the distance is to be computed over the ordinary, usual and shortest route of public travel.

APPEAL from the Circuit Court of Henry county; the Hon. NELS A. LARSON, Judge, presiding.

F. B. BRIAN, State's Attorney, and ANDREWS & O'CONNOR, for appellant.

CARL A. MELIN, State's Attorney, and KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellant, the county of Stark, brought suit in the circuit court of Henry county to recover, under section 36 of the Road and Bridge act, a proportionate share of the cost of a bridge on a public highway in Stark county. Appellee pleaded the general issue, and the parties stipulated that under that plea appellee might offer any and all evidence material to any defense which it might have, the same as if such defense had been properly pleaded. The cause was heard by the court without a jury, upon a stipulation of facts. Propositions of law were submitted by both parties, and the court held that section 36 of the Road and Bridge act, providing for the construction and repair of bridges by two counties, is unconstitutional and void as being in violation of section 2 of article 2 of the constitution, found the issues for appellee and rendered judgment on the finding in favor of appellee against appellant, from which judgment appellant has appealed to this court.

Appellant, in March, 1926, completed the construction of a bridge on a public highway in Stark county at a reasonable cost of $4410, having complied with all the statutory requirements for the joint construction of the bridge. The bridge is located 68.24 rods from the county line be-

tween the two counties if the distance is measured on a straight line, through a pasture, from the closest point on the county line. If measured along the traveled road from the east end of the bridge to the point where the road crosses the county line the distance is 89.36 rods.

Section 36 of the Road and Bridge act provides as follows: "Bridges or culverts on roads on county lines, and bridges or culverts on roads within 80 rods of county lines shall be built and repaired by such counties and the expense of such construction and repair shall be borne in proportion to the assessed value of the property, real and personal, in the respective counties according to the last preceding equalized assessment thereof prior to such construction or repair." It is contended by appellee that this section is unconstitutional, not only as being in violation of section 2 of article 2, as depriving a county of its property without due process of law, but as being in violation of sections 9 and 10 of article 9 of the constitution, as taking from a corporate authority the power to levy taxes and delegating the power, to a certain extent, to another corporate or municipal organization, and as creating a debt against a municipal corporation for local purposes which is required to be paid by taxation without the consent of the tax-payers affected.

A county is a public corporation which exists only for public purposes connected with the administration of the State government, and it and its revenues are alike, where no express constitutional restriction is found to the contrary, subject to legislative control. (*Richland County* v. *Lawrence County*, 12 Ill. 1; *Pike County* v. *People*, 11 id. 202.) The revenues of a county are not the property of the county in the sense in which the revenue of a private person or corporation is regarded. The whole State has an interest in the revenue of a county, and for the public good the legislature must have the power to direct its application. The power conferred upon a county to raise revenue by taxation is a political power, and the applica-

tion of such revenue, when collected, must necessarily be within the control of the legislature for political purposes. (*People* v. *Power*, 25 Ill. 169; *Sangamon County* v. *City of Springfield*, 63 id. 66; *Logan County* v. *City of Lincoln*, 81 id. 156; *Marion County* v. *Lear*, 108 id. 343; *People* v. *Camargo School District*, 313 id. 321.) All legislative power is vested in the General Assembly, subject to the restrictions contained in the State constitution and the constitution of the United States. Every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by it. (*Italia America Shipping Corp.* v. *Nelson*, 323 Ill. 427.) Counties are but political subdivisions of the State and are subject to the full control of the State, acting by general law through the legislature, and the property held by counties is not private but public property. Public highways, and bridges on them, do not belong to the counties and towns which construct them but are held by them in trust for the entire public, (*People* v. *Williamson County*, 286 Ill. 44; *Heffner* v. *Cass County*, 193 id. 439;) and the legislature has supreme control of them unless restrained by constitutional limitations. (*Heppes Co.* v. *City of Chicago*, 260 Ill. 506; *People* v. *City of Chicago*, 321 id. 466.) Section 36 does not come within any constitutional inhibition and is not unconstitutional and void.

It is contended by appellee that even if it be conceded that section 36 is a valid enactment, appellee is not liable for any portion of the cost of the construction of the bridge in question as the east end of the bridge is 89.36 rods from the point where the highway crosses the county line. When the distance sought to be ascertained is the distance between two designated points and there is nothing in the context or subject matter to indicate the manner in which the measurement is to be ascertained, distance is to be measured in a straight line, on a horizontal plane. (5 Am. & Eng. Ency. of Law, 704; 18 Corpus Juris, 1287; *Lake* v. *Butler*,

5 E. & B. 92, 119 Reprint 417; *Jewel* v. *Stead,* 6 E. & B. 349, 119 Reprint 895.) Where, however, the distance is between cities, where mileage is to be computed or where the context indicates that the distance is to be traveled, the distance is to be computed over the ordinary, usual and shortest route of public travel and not the distance measured by a mathematically straight line. In this case the distance to be computed is the distance between two designated points,—*i. e.,* a point on the county line and the bridge. The bridge is within 80 rods of the county line. That this construction is the one intended by the legislature at the time it passed the original act containing the words in question is evidenced by the fact that the former statute on this question was by its express terms limited to bridges "over streets or roads extending from one county or town into another county or town and crossing county or town lines." When the legislature struck out the words quoted this limitation was removed, and the act then applied to a bridge within 80 rods of the county or town line whether the highway on which it was, crossed a county or town line or not. It is a matter of common knowledge that county lines between several of the counties in this State are water-courses, upon which public highways could not be constructed. A road constructed along the bank of such a water-course would never cross the county line, and yet for all practical purposes it would be used as a county line road and would undoubtedly cross tributaries running into the main stream, over which bridges would have to be constructed. In some cases detours are necessary on county line roads of a very few feet from the county line, extending for several miles, by reason of the physical formation of the land, and such a road throughout its entire length is used, to all intents and purposes, as a county line road. It would seem reasonable that each county should pay its proportionate share of the construction of a bridge upon such a road.

It was stipulated by the parties that assuming this bridge is such a bridge as was contemplated by the statute to be constructed jointly by the two counties and that the county of Henry is liable, the proportion of the cost of the bridge to be borne by the county of Stark is $1094.71 and the proportion to be borne by the county of Henry is $3315.29, and that the county of Stark has complied with all statutory requirements for such joint construction in the initiation of the project and in the construction of the bridge, and that all demands have been made by it on the county of Henry for its proportionate amount of the cost of the bridge. Upon the agreed stipulation of facts we find that appellee is indebted to appellant in the sum of $3315.29.

The judgment of the circuit court of Henry county is therefore reversed and judgment entered in this court in favor of appellant, against appellee, for the sum of $3315.29 and costs of suit.

*Reversed and judgment entered here.*