JAMES L. BURKE *vs.* CHIEF OF POLICE OF NEWTON.

Middlesex. December 8, 1977. — February 21, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Municipal Corporations*, Police. *Police. Statute*, Construction. *Words*, "Within ten miles."

For the reasons discussed in *Doris* v. *Police Comm'r of Boston, ante* 443 (1978), G. L. c. 41, § 99A, and c. 31, § 48A, are valid and constitutional exercises of legislative power. [452]

The term "ten miles" as used in G. L. c. 41, § 99A, and c. 31, § 48A, does not refer to "road miles" but means miles as may be computed by measuring the straight line distance between two points on a map. [452-453]

---

CIVIL ACTION commenced in the Superior Court on August 30, 1976.

The case was reserved and reported to the Appeals Court by *Lynch,* J., on a statement of agreed facts. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Gerard S. McAuliffe* for the plaintiff.

*John P. Courtney,* Assistant City Solicitor, for the defendant.

LIACOS, J.   With one exception, this case presents issues identical to those considered and decided this day in *Doris* v. *Police Comm'r of Boston, ante* 443 (1978). As in *Doris,* this case is before us on a reservation and report without decision by a judge of the Superior Court to the Appeals Court, which we transferred here sua sponte. The parties agreed in writing to all material facts. See Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and G. L. c. 231, § 111.

The plaintiff is a member of the Newton police department. His complaint recited that the defendant police chief of Newton had informed all police officers on March 9, 1976, that the provisions of G. L. c. 41, § 99A, and G. L. c. 31, § 48A,[1] and certain police regulations were to be construed so as to require all officers to live within ten miles of Newton as measured by road miles from the officers' homes to the city limits. The plaintiff averred that he had purchased a home located in a town whose boundary was within ten miles of the boundary of Newton in the belief that this constituted compliance with the statutes and regulations. The complaint sought injunctive and declaratory relief based on the alleged unconstitutionality of § 99A under various provisions of the Massachusetts and United States Constitutions, relying essentially on the same theories as did the plaintiff in the *Doris* case. See *Doris, supra* at 444 n.1. The defendant has been enjoined from enforcing the statutes pending final adjudication. The parties have stipulated

---

[1] See *Doris* v. *Police Comm'r of Boston, supra,* for the relevant statutory texts.

that the named plaintiff is representative of a class of Newton police officers similarly situated.

We hold here, as we did in *Doris,* that the statutes in question are valid and constitutional exercises of legislative power. The issue raised in this case that was not disposed of in *Doris* is the question whether the ten-mile distance should be measured by "road" miles or otherwise. The defendant urges that "mile" means the distance as measured along existing roads.

Words or phrases in a statute are to be given their ordinary meaning. They are to be construed according to their natural import and approved usage. *Johnson* v. *District Attorney for the N. Dist.,* 342 Mass. 212, 215 (1961). See *Davey Bros.* v. *Stop & Shop, Inc.,* 351 Mass. 59, 63 (1966). "Words found in a statute are to be given their ordinary lexical meaning unless there be a clear indication to the contrary." *Randall's Case,* 331 Mass. 383, 385 (1954). A "mile" is a "measure of distance." Webster's New Int'l Dictionary 1557 (2d ed. 1959). It is not a description of how to measure that distance. The defendant's argument that the method of measuring the distance should be by following existing roads is not reflected in the language of the statute. Had the Legislature desired the method of measurement to be by following existing roads we assume it would have used the term "road miles." The use of the term "mile" without the qualifying adjective to mean "road miles" is to insert into the statute a word not found therein.

Nor is the construction urged on us by the defendant a reasonable one. To hold that conformity to the statutes depends on the road distance between an officer's home and the nearest boundary of the city or town of employment would be to subject such an officer to unpredictable future events over which he has no control. An officer could find himself suddenly in noncompliance by the closing of a road, the conversion of a road to one-way traffic, or perhaps even the installation of a rotary. Absent clear legislative language to work such a result, we interpret the statute in such a way as to avoid the substantial potential for confusion and

uncertainty that would otherwise exist. We think that the term "ten miles" means miles as may be computed by measuring the straight line distance between two points on a map.

The case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*