Jo V. SEIBERT *vs.* MILTON BRADLEY COMPANY.

Hampden.  February 5, 1980. — May 14, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Corporations*, By-laws, Stockholder, Board of directors.

A corporate by-law which provided that the affirmative vote of the hold-
ers of at least 75% of the shares of each class of the corporation's
outstanding common stock was required for the approval of a merger
or consolidation or for the amendment, modification, or repeal of the
by-law, but further specified that the provisions would not apply if a
proposal to merge or consolidate or to amend, modify, or repeal the
by-law were first approved by the affirmative vote of at least two-
thirds of the members of the corporation's board of directors did not
violate § 78 (*c*) or § 8 (*a*) of G. L. c. 156B, nor was it against public
policy.  [658-662]

CIVIL ACTION commenced in the Superior Court on April
20, 1977.

Motions for summary judgment were heard by *Cross*, J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Ellen B. Kaplan* for the plaintiff.

*Gary E. Martinelli* for the defendant.

HENNESSEY, C.J.  This is an appeal by a shareholder of
Milton Bradley Company (Milton Bradley) from a decision
of a Superior Court judge in an action brought by the share-
holder against Milton Bradley challenging the validity of a
corporate by-law.  After a hearing on cross motions for
summary judgment, the judge upheld the by-law in issue
and dismissed the plaintiff shareholder's action.  The share-
holder appeals from the judgment of dismissal.  We con-
clude that there was no error.

The essential facts of the case are undisputed.  In 1976,
the Massachusetts Legislature amended § 78 (*c*) (1) (iii) of

c. 156B of the Massachusetts General Laws (the "Business Corporation Law") to reduce the percentage of shareholder vote necessary to approve a merger or consolidation of two corporations from two-thirds to a majority, unless the articles of organization or the by-laws of the corporation specifically require a vote greater than a majority.[1] Since neither the Milton Bradley articles of organization nor its by-laws contained any provision altering the statutory provision, the amended § 78 was applicable to Milton Bradley.

On January 28, 1977, the members of the Milton Bradley board of directors present at a meeting unanimously adopted the following vote: "VOTED: To recommend to the shareholders that the Bylaws of Milton Bradley Company, as amended and restated to date, be further amended by adding to Section 2 a new subsection 2.11 to read as follows: '2.11 Except as stated below, the affirmative vote of the holders of at least seventy-five percent (75%) of the shares of each class of the Corporation's outstanding common stock shall be required for the approval of:

'(a) the merger or consolidation of the Corporation with or into any other corporation (except a corporation at least

---

[1] The statute, as amended through St. 1976, c. 327, provides in pertinent part:

"(a) Any two or more corporations may consolidate to form a new corporation, . . . which may be any one of the constituent corporations, in the manner specified in this section. . . . (c) (1) Except as provided in paragraph (2) of this subsection: (i) The agreement of consolidation or merger shall be submitted to the stockholders of each constituent corporation at a meeting thereof called for the purpose of considering and acting upon the same. (ii) Notice of the time, place and purposes of such meeting shall be given to each stockholder of record, whether or not entitled to vote thereat, of each such corporation in the manner provided in section thirty-six but at least thirty days prior to the date of such meeting. (iii) The vote of a majority of each class of stock of each constituent corporation outstanding and entitled to vote on the question shall be necessary for the approval of such agreement. If any such agreement would adversely affect the rights of any class of stock of either constituent corporation, the vote of a majority of such class, voting separately, shall also be necessary to authorize such agreement. For this purpose any series of a class which is adversely affected in a manner different from other series of the same class shall, together with any other series of the same class adversely affected in the same manner, be treated as a separate class."

ninety percent [90%] of the outstanding common stock of which is owned by this Corporation);

'(b) any amendment, modification, or repeal of this subsection 2.11 of Section 2 of the Corporation's Bylaws.

'The provisions of this subsection 2.11 shall not apply if a proposal to merge or consolidate the Corporation or to amend, modify, or repeal this subsection 2.11 first shall have been approved by the affirmative vote of at least two-thirds of the incumbent members of the Corporation's Board of Directors.'"

In its notice of annual meeting and proxy statement dated March 8, 1977, Milton Bradley informed its shareholders that the above proposed amendment to the corporation's by-laws would be voted upon at the annual meeting to be held on April 22, 1977. The proxy statement contained an explanation as to why the management proposed the by-law amendment and how the new by-law would operate.

On April 20, 1977, the plaintiff filed the instant civil action in the Superior Court Department in Hampden County alleging, inter alia, that the proposed amendment to the Milton Bradley by-laws, if passed, would violate the Massachusetts statutes, and seeking declaratory and injunctive relief against the corporation with respect to the by-law. Two days after the filing of this suit, at the regularly scheduled meeting of the Milton Bradley shareholders, the proposed amendment to the by-law was adopted. The holders of over 70% of the eligible shares, and over 85% of the shares actually voted at the meeting, voted in favor of the by-law.

The plaintiff argues first that the by-law amendment is invalid because it attempts to delegate to the Milton Bradley directors the power to "make, amend or repeal" a by-law concerning the shareholder vote required for a merger or consolidation, in violation of G. L. c. 156B, § 17 and § 78 (c).[2] The plaintiff's reasoning is as follows: Section 17

---

[2] General Laws c. 156B, § 17, as amended through St. 1975, c. 70, § 1, provides: "The power to make, amend or repeal by-laws shall be in the stockholders; provided that if authorized by the articles of organization,

of the statute permits the shareholders, where authorized by the articles of organization, to delegate the power to make, amend or repeal by-laws to the directors, except with respect to by-law provisions which by statute, the articles of organization, or the by-laws, require shareholder action. Thus it is argued that the delegation of the power to make, amend or repeal a by-law effected by the Milton Bradley by-law amendment is invalid both because such a delegation was not authorized by the corporation's articles of organization and because, according to § 78 (*c*) of G. L. c. 156B, shareholder action is required to approve a merger or consolidation proposal.

The flaw in this argument is in its major premise. The two voting-standard system established by the by-law simply does not confer upon the directors the power to make, amend, or repeal a by-law. On the contrary, the by-law itself sets forth a complete and self-contained scheme for determining what shareholder vote will suffice to approve a merger or consolidation proposal. This scheme reflects the desire of a majority of Milton Bradley's shareholders, who apparently agreed that the two-standard system is a sensible way to take advantage of the directors' business experience and knowledge of the corporation's affairs. The directors may exercise their judgment within the limits of the by-law, but what they may and may not do is explicitly detailed, and they are powerless to change the voting scheme established by the shareholders. Moreover, in no case does the by-law allow a merger or consolidation to be approved without the affirmative vote of the statutory minimum

the by-laws may provide that the directors may also make, amend or repeal the by-laws in whole or in part, except with respect to any provision thereof which by law, the articles of organization or the by-laws requires action by the stockholders. Not later than the time of giving notice of the meeting of stockholders next following the making, amending or repealing by the directors of any by-law, notice thereof stating the substance of such change shall be given to all stockholders entitled to vote on amending the by-laws. Any by-law adopted by the directors may be amended or repealed by the stockholders."

See note 1, *supra,* for text of G. L. c. 156B, § 78 (*c*).

number of shares. Contrast *Commerce Trust Co.* v. *Chandler*, 284 F. 737 (1st Cir. 1922) (in mortgaging all of corporation's assets, board of directors invalidly exercised power reserved to shareholders by statutory provision requiring two-thirds shareholder vote to effect "sale, lease or exchange" of all corporate assets).

The plaintiff's second argument is that the establishment of two voting standards — one to apply when at least two-thirds of the directors first approve a merger or consolidation; the second to apply when they do not — violates G. L. c. 156B, § 8 (*a*). Section 8 (*a*), as amended by St. 1965, c. 685, § 3, provides in pertinent part that "[w]henever, with respect to any action to be taken by the stockholders of a corporation, the . . . by-laws require the vote . . . of the holders of all of the shares . . . or a greater proportion thereof than required by this chapter with respect to such action, the provisions of the . . . by-laws shall control." It is the plaintiff's contention that the term "greater proportion" used in § 8 (*a*) can only mean "one fixed proportion."

This argument is unpersuasive. According to § 8 (*a*), the by-law controls "whenever" it requires a greater proportion of shareholders to vote for a particular proposal than the statute specifies. The plaintiff has ignored the word "whenever." The by-law specifies precisely "when" a 75% shareholder vote rather than the statutory majority will be required. With the words "whenever" and "greater proportion" given their ordinary meaning, *Burke* v. *Chief of Police of Newton*, 374 Mass. 450 (1978), the by-law fully complies with § 8 (*a*).

Our interpretation is supported by the recent Delaware case *Seibert* v. *Gulton Indus., Inc.*, No. 219 (Del. Sup. Ct., Jan. 4, 1980). In that case the Supreme Court of Delaware upheld an amendment to the certificate of incorporation of a Delaware corporation (Gulton) which requires the vote of at least 80% of Gulton's shareholders to approve a merger or consolidation or similar takeover of Gulton by any person or entity that has acquired 5% or more of Gulton's shares prior to its proposed takeover. This 80% requirement is in

force unless the directors of Gulton approve its proposed takeover by the other entity prior to the latter's acquisition of its 5% interest in Gulton, in which case only a majority of the vote of Gulton's shareholders is required to approve the takeover.

The statutes examined by the Delaware court in reaching its decision in favor of this amendment, and the challenge raised by the plaintiff under those statutes, are analogous to those in the case at bar. Del. Code tit. 8, § 251 (c), provides that an agreement of merger can be approved "[i]f a majority of the outstanding stock of the corporation entitled to vote thereon shall be voted for the adoption of the agreement." However, Del. Code tit. 8, § 102 (b) (4), permits the certificate of incorporation to include among other things, "[p]rovisions requiring for any corporate action, the vote of a larger portion of the stock . . . than is required by this chapter." The plaintiff conceded that it would be permissible for the certificate of incorporation to require an 80% vote for approval of a merger under the authority of § 102 (b) (4) as opposed to the simple majority vote required by § 251 (c). This would simply be calling for "the vote of a larger portion of the stock" than is required by other parts of the chapter. However, the plaintiff argued that the statutory language — "larger portion of the stock" — means a fixed percentage greater than a majority and that § 102 (b) (4) cannot be read to permit a shifting vote requirement.

The Delaware Supreme Court summarily affirmed the opinion of the Court of Chancery (civil action No. 5631 [June 21, 1979]), which rejected the plaintiff's arguments and upheld the amendment. The Chancery Court reasoned that the law of Delaware permits a provision in the certificate of incorporation which calls for a greater or lesser vote dependent upon the particular corporate activity being voted upon. The court viewed a business combination with a 5% shareholder approved by the board of directors as a different corporate activity from a business combination with a 5% shareholder opposed by the board. The court saw nothing in the statutory or case law of Delaware which

would invalidate the requirement of different voting standards for each of these two different corporate activities. We likewise find nothing in Massachusetts law which invalidates the analogous by-law amendment in the instant case.

Finally, we do not agree with the plaintiff that the Milton Bradley by-law violates public policy by upsetting the balance between the legitimate interests of corporate management and those of the shareholders by impinging on the shareholders' right to vote. It was the shareholders themselves who decided that, absent an affirmative recommendation by the directors, the proportion of the vote required to approve a merger or consolidation proposal should be increased. Correspondingly, if the shareholders become convinced that the by-law is not in their best interest or in the best interest of Milton Bradley, it is within their power to lower the merger-consolidation voting requirement, or to remove the two-standard system.

For these reasons we hold that Milton Bradley's by-law amendment is valid and there was no error in the trial court's granting of the defendant's motion for summary judgment.

*Judgment affirmed.*