LASH v CITY OF TRAVERSE CITY

Docket No. 263873. Submitted January 5, 2006, at Grand Rapids. Decided
    June 1, 2006, at 9:00 a.m. Leave to appeal granted, 477 Mich 920.

Joseph Lash brought an action in the Grand Traverse Circuit Court
    against the city of Traverse City, seeking damages for the city's
    failure to hire him as a police officer because his future home was
    more than 20 "road miles" (that is, miles traveled along roads)
    from the city limits, contrary to the city's residency requirement.
    The court, Thomas G. Power, J., granted the city's motion for
    summary disposition. The court concluded that, while a private
    cause of action existed to enforce MCL 15.601 *et seq.*, which limits
    residency restrictions by public employees, the city's residency
    requirement was nonetheless consistent with MCL 15.602(2). The
    plaintiff appealed.

In separate opinions, the Court of Appeals *held*:

1. The trial court correctly determined as a matter of law that
the plaintiff was entitled to maintain a private cause of action for
damages under MCL 15.602. Generally, if a statute imposes a new
right or a new duty, the statutory remedy provided for enforce-
ment of that right or duty is exclusive unless the remedy is plainly
inadequate or a contrary intent plainly appears. MCL 15.602
allows a public employer to require that an employee live within a
specified distance of his or her place of employment only if the
specified distance is 20 miles or more from the nearest boundary of
the public employer. The act, however, does not expressly provide
a private cause of action to enforce this limitation on residency
requirements, nor does it contain a provision to enforce the duty
imposed on public employers to refrain from establishing resi-
dency requirements outside those limitations. Inasmuch as no
other adequate means exists to enforce the statutory prohibition,
a private cause of action must be recognized in order to promote
the legislative purpose of the statute.

2. The trial court, however, erred by concluding that the
20-mile restriction provided in MCL 15.602 for residency require-
ments is to be measured in "road miles." When read in its entirety,
the act requires the 20-mile distance to be measured in a straight
line. Inserting the word "road" before the word "miles" in the

statute subverts the intent of the Legislature as demonstrated by the statute's clear and plain language. The trial court erred by granting summary disposition for the city on this ground.

Affirmed in part, reversed in part, and remanded for further proceedings.

NEFF, J., would conclude that the 20-mile distance should be measured in "road miles" under the longstanding general rules for interpreting statutory distance measurements. Because employees typically must travel to and from work along public roadways, the Legislature must have intended a distance measurement along the course of highways. Such an interpretation also recognizes the concern for reasonable response time by public employees such as police officers if emergencies arise. The trial court's grant of summary disposition for the city should be affirmed.

ZAHRA, P.J., dissenting in part, disagreed that a private right of action for money damages is implied under MCL 15.601 et seq. given the Legislature's silence on the issue. Further, the plaintiff has a right to pursue a declaratory action for a judgment interpreting the act, which provides an adequate means to seek redress for a violation of the act.

MURPHY, J., concurred with Judge NEFF's opinion with regard to a private cause of action under MCL 15.602 and concurred with Judge ZAHRA's opinion with regard to measuring the 20-mile distance in a straight line.

1. ACTIONS — PRIVATE CAUSES OF ACTION — MUNICIPAL CORPORATIONS — RESIDENCY REQUIREMENTS.

A plaintiff is entitled to maintain a private cause of action for damages against a public employer that maintains a residency requirement for its employees in violation of the statute limiting such residency requirements (MCL 15.601 et seq.).

2. WEIGHTS AND MEASURES — STATUTORY DISTANCES IN RESIDENCY REQUIREMENTS.

The statutory 20-mile limitation on a public employer's imposition of a residency requirement for its employees is measured in a straight line rather than as miles traveled along roads (MCL 15.602).

*Law Office of Glen N. Lenhoff* (by *Glen N. Lenhoff* and *Robert D. Kent-Bryant*) for the plaintiff.

*Plunket & Cooney, P.C.* (by *Mary Massaron Ross, Kristen M. Tolan,* and *Gretchen L. Olsen*), for the defendant.

Amicus Curiae:

*Alonzi, Porter & Associates, PLLC* (by *Mark A. Porter*), for the Michigan Lodge of the Fraternal Order of Police.

Before: ZAHRA, P.J., and MURPHY and NEFF, JJ.

NEFF, J. Plaintiff appeals as of right an order of the trial court granting defendant's motion for summary disposition on the basis that defendant's residency requirement for employment was consistent with statutory restrictions under MCL 15.602. We affirm in part, reverse in part, and remand.

I

This case presents two issues of statutory interpretation concerning MCL 15.602, which restricts governmental entities from imposing residency requirements as a condition of employment or promotion. We must first decide whether MCL 15.602 permits a private cause of action to enforce the act's provisions and, second, whether the act's exception for a 20-mile or greater distance requirement under certain circumstances is measured in "road miles" or "air miles."[1]

We conclude that a private cause of action for enforcement of the restrictions on governmental entities is implicit in MCL 15.602. Contrary to my colleagues, I also conclude for the reasons discussed in part V of this opinion that the reference to a distance of "20 miles" in MCL 15.602(2) may be measured by "road miles." I would hold that defendant's restriction requiring plaintiff to live within "twenty (20) road miles" of the

---

[1] The parties refer to "air miles" as "radial miles," which, for purposes of our decision, are considered one and the same.

nearest boundary of Traverse City is consistent with MCL 15.602(2). Accordingly, I would find that the trial court properly granted defendant's motion for summary disposition.

II

Plaintiff, a police officer in Flint, applied for a position as a police officer with the Traverse City Police Department. After partially completing the application process and receiving a conditional offer of employment, plaintiff was informed that his anticipated residence in Thompsonville did not meet defendant's 20-road-mile residency requirement for employment and therefore he would not be hired by defendant.

According to plaintiff's complaint, upon being notified in December 2002 that he was likely to obtain a position in Traverse City, he began looking for property to build a home in the area. Plaintiff found suitable property in Thompsonville, confirmed that the property was within 20 miles of the city limits of Traverse City,[2] and purchased the property in January 2003.

Plaintiff alleged that on March 17, 2004, defendant's police chief offered plaintiff a police officer position, conditioned on plaintiff passing a physical examination, a psychological examination, and a physical endurance test. However, on March 22, 2004, plaintiff was advised that the offer of a position was rescinded because his future home was "23 'road miles' " from the city limits.

Plaintiff filed this action alleging an "unlawful failure to hire" claim based on MCL 15.601 *et seq*. Plaintiff

---

[2] Plaintiff acknowledged that defendant's advertisements for police officers stated a residency requirement of a "15 mile radius, or 20 *road* miles, from the nearest City limit," but asserted that according to his measurements, using a ruler and map scale or driving the route, his property met the 20-mile requirement.

sought damages for mileage expenses, continuing private school expenses for his children, purchase and repairs of the Thompsonville property, wages for a lost job promotion for his wife, refinancing expenses for his Flint home, and sale expenses for the Thompsonville property. Defendant moved for summary disposition on the grounds that plaintiff had no private cause of action for damages under MCL 15.601 *et seq.*, that defendant's residency requirement was consistent with permissible requirements in MCL 15.602, and that plaintiff suffered no damages because he had not completed the hiring process by meeting the conditions for employment, he continued to work for the city of Flint at $9.00 more an hour than he would have earned if hired by defendant, and his Thompsonville property had appreciated in value since plaintiff's purchase.

The trial court granted defendant's motion for summary disposition. The court concluded that although plaintiff had a private cause of action under MCL 15.601 *et seq.*, defendant's residency requirement was consistent with MCL 15.602(2), which the court interpreted to permit distance measurement in "road miles."

III

A decision regarding summary disposition under MCR 2.116(C)(8) is reviewed de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint and is based on the pleadings alone. *Long v Chelsea Community Hosp*, 219 Mich App 578, 581; 557 NW2d 157 (1996). The motion should be granted only if no factual development could justify recovery. *Beaudrie, supra* at 130.

Whether a statute provides a private cause of action is a question of statutory interpretation. *Pitsch v ESE*

*Michigan, Inc*, 233 Mich App 578, 586; 593 NW2d 565 (1999); *Long, supra* at 581. Questions of statutory interpretation are questions of law, which we review de novo. *Id.* at 581-582.

The primary objective of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature. *Herald Wholesale, Inc v Dep't of Treasury*, 262 Mich App 688, 693; 687 NW2d 172 (2004). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). "The first step in discerning the intent of the Legislature is to consider the language of the statute. The language must be read according to its ordinary and generally accepted meaning." *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 166; 610 NW2d 613 (2000) (citations omitted). If the language of the statute is clear and unambiguous, judicial construction is neither necessary nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005); *Cherry Growers, supra* at 166. "If reasonable minds can differ with regard to the meaning of a statute, judicial construction is appropriate. . . . The court should apply a reasonable construction to best accomplish the Legislature's purpose." *Id.* (citation omitted). In doing so, the court may consider a variety of factors, applying principles of statutory construction and common sense. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

IV

We first consider whether plaintiff is entitled to maintain a private cause of action for damages under MCL 15.601 *et seq*. If no cause of action exists under the

statute, then plaintiff has failed to state a claim for which relief may be granted, and summary disposition is proper on that basis alone. *Long, supra* at 581. If plaintiff is entitled to maintain a private cause of action, we must then consider whether defendant's residency requirement comports with the statute.

In 1999, the Legislature enacted Public Act 212, MCL 15.601 *et seq.*, which placed restrictions on residency requirements imposed by governmental entities on public employees. The act consists of three brief sections: § 1, MCL 15.601, containing definitions of "public employer" and "school district"; § 2, MCL 15.602, specifying the restrictions and several exceptions; and § 3, MCL 15.603, limiting the act's application to employment contracts entered into, renewed, or renegotiated after the effective date of the act. The act provides no express remedy for violations of the restrictions imposed.

Plaintiff argues that a private cause of action may be inferred from the statute because no means of enforcement otherwise exists. Defendant argues that the statutory scheme neither requires nor suggests a private action for money damages, and that, under the general court rules,[3] declaratory judgment procedures or requests for injunctive relief or mandamus may be used to effectuate the statutory restrictions should the need arise. Because the statute provides no means of enforcement, and because we find no basis for inferring a private cause of action limited to equitable relief, we conclude that plaintiff has a cause of action for money damages.

The general rule for inferring rights of action under state law is that if a new right is created or a new duty

---

[3] MCR 2.605, 3.301, 3.305, and 3.310.

is imposed by statute, the statutory remedy provided for enforcement of that right or duty is exclusive unless the remedy is plainly inadequate or a contrary intent clearly appears. *Pompey v Gen Motors Corp*, 385 Mich 537, 552 & n 14; 189 NW2d 243 (1971). Our courts have subsequently reiterated the general rule in analyzing whether a plaintiff has a private right of action:

> If the common law provides no right to relief, and the right to such relief is instead provided by statute, then plaintiffs have *no* private cause of action for enforcement of the right *unless*: (1) the statute expressly creates a private cause of action or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions. [*Long, supra* at 583 (emphasis in original), citing *Bell v League Life Ins Co*, 149 Mich App 481, 482-483; 387 NW2d 154 (1986); see also *Pitsch, supra* at 586-587.]

Accordingly, a court must dismiss a private cause of action under a statute creating a new right unless the statute expressly created the private cause of action or the cause of action may be inferred because the statute provides no adequate means to enforce its provisions. *Forster v Delton School Dist*, 176 Mich App 582, 585; 440 NW2d 421 (1989).

It is undisputed that no common-law right to relief exists in this case and that MCL 15.602 does not expressly provide a private cause of action for the enforcement of its provisions. Instead, while MCL 15.602 imposes on public employers a duty to refrain from establishing certain residency requirements, it contains no provision to enforce that duty. Thus, the question is whether a private cause of action can be inferred because the statute provides no adequate means to enforce its provisions. *Long, supra* at 583-584; see also *Pitsch, supra* at 586-587.

Unlike in other cases in which the courts have declined to infer a private right of action, in this case, there is no applicable legislatively prescribed remedy for violations of the statute. See *Lamphere Schools v Lamphere Federation of Teachers*, 400 Mich 104; 252 NW2d 818 (1977) (in enacting the public employment relations act,[4] the Legislature proscribed teacher strikes and prescribed exclusive and adequate means of enforcement and penalties for such strikes); *Int'l Brotherhood of Electrical Workers, Local Union No 58 v McNulty*, 214 Mich App 437, 446; 543 NW2d 25 (1995) (limited remedies of prevailing wage act[5] penal provisions for contractor violations are adequate to accomplish the act's purpose); *Forster, supra* at 585 (Michigan Campaign Financing Act[6] express remedies and criminal penalties are adequate to enforce its provisions); *Bell, supra* at 484-485 (Uniform Trade Practices Act[7] provides a comprehensive scheme of enforcement of the rights and duties it creates, and, "[m]oreover, the Insurance Code also specifies that every penalty in the code not otherwise provided for shall be sued for and recovered in the name of the people by the county prosecutor, or by the Attorney General.").

Nor is this a case in which the enforcement sought is inconsonant with the purpose of the act. "A court's decision regarding private rights of action must be consistent with legislative intent while furthering the Legislature's purpose in enacting the statute." *Long, supra* at 584 (health care peer review reporting statute is designed to protect entities from liability, not to create a new right of a private cause of action for

---

[4] MCL 423.201 *et seq.*

[5] MCL 408.551 *et seq.*

[6] MCL 169.201 *et seq.*

[7] MCL 500.2001 to 500.2050.

malice). In this case, the purpose of the act is "to restrict certain governmental entities from requiring individuals to reside within certain geographic areas or specified distances or travel times from their place of employment as a condition of employment or promotion."[8] Recognition of a private cause of action under the statute would promote the legislative purpose of the statute by subjecting entities that violate the act to liability for civil damages. Further, a private cause of action is particularly important for individuals such as plaintiff, who, unlike many existing employees represented by collective bargaining units, must seek individual protection or redress for violations.

Because no other adequate means exist to enforce the statutory prohibition of certain residency requirements, the trial court correctly determined as a matter of law that plaintiff was entitled to maintain a private cause of action for damages under MCL 15.602.

V

The remaining consideration is whether defendant's residency requirement violates MCL 15.602(2). Section 2 provides:

(1) Except as provided in subsection (2), a public employer shall not require, by collective bargaining agreement or otherwise, that a person reside within a specified geographic area or within a specified distance or travel time from his or her place of employment as a condition of employment or promotion by the public employer.

(2) Subsection (1) does not prohibit a public employer from requiring, by collective bargaining agreement or

---

[8] Title of 1999 PA 212. The title of an act is useful for interpreting an act's purpose and scope, but is not controlling authority in construing the act's provisions. *Lamphere Schools, supra* at 111 n 1; see *King v Ford Motor Credit Co*, 257 Mich App 303, 311-312; 668 NW2d 357 (2003).

otherwise, that a person reside within a specified distance
from the nearest boundary of the public employer. How-
ever, the specified distance shall be 20 miles or another
specified distance greater than 20 miles. [MCL 15.602.]

Plaintiff argues that his proposed residence was
within 20 miles of defendant's city limits and that the
trial court erred in interpreting the statute to refer to
"road miles" rather than "radial miles." Contrary to my
colleagues, I find no error in the trial court's conclusion.

Because the statute sets forth a 20-mile requirement,
but fails to indicate the method of measurement, rea-
sonable minds can differ with regard to the meaning of
the statute. Judicial construction is therefore appropri-
ate. The Court should apply a reasonable construction
to best accomplish the Legislature's purpose. *Cherry
Growers, supra* at 166.

In the legal context, the measurement of mileage
distance has historically been susceptible to two differ-
ent manners of measurement. In some contexts, the
manner of measuring miles is generally a "radial" or
"air miles" measurement, i.e., a straight line from point
to point "as the crow flies." In other contexts, the
measurement of miles is typically along traveled routes,
i.e., "road miles." Accordingly, the longstanding general
rule for interpreting statutory distance measurements
states:

> In the absence of any specific statutory provision gov-
> erning the manner of measurement of distances, distance
> is to be measured along the shortest straight line, on a
> horizontal plane, and not along the course of a highway, or
> along the usual traveled way.
>
> However, the ordinary, usual, and shortest route of
> public travel may be measured where the context indicates
> that the distance referred to is to be traveled. [79 Am Jur
> 2d, Weights & Measures, § 46, pp 73-74.]

In this case, I conclude that the proper interpretation of MCL 15.602(2) accords with the latter context and therefore must be in "road miles." Typically, employees must travel to and from work along public roadways (particularly if they reside 20 or more miles from their place of employment). Accordingly, the Legislature must have intended a measurement along the course of the highways.

This interpretation comports with the legislative purpose in enacting the statute. Although the statute was intended to eliminate overly restrictive residency requirements, the Legislature nonetheless provided an exception to allow local units of government to continue to require residency within a certain proximity. Senate Legislative Analysis, SB 198, January 10, 2000, p 1. Part of the rationale for permitting the 20-mile exception was the recognition that public employees, particularly critical personnel, should be in reasonable proximity to respond to emergencies. See *id.* at pp 2-3. Thus, consideration of travel route mileage furthers the purpose of the act. As the trial court pointed out, a radial measurement is not necessarily consistent with travel time if there is a natural barrier or waterway that impedes travel along the route of the "radial mile" measurement. Moreover, the supporting rationale for enacting MCL 15.602 included greater uniformity with respect to residency requirements of public employers. Senate Legislative Analysis, p 2. Greater uniformity is achieved with respect to each public employer and statewide with the restriction measured in road miles rather than radial miles, which would result in large variances in miles traveled if the radius involved measurement over a water or other barrier to vehicle travel.

My conclusion is supported by distinctions in case law. Typically, if a specified distance involves a zone,

such as in the case of a statute prohibiting the sale of liquor within a specified zone, courts have relied on a radial measurement, thereby creating a zone in which certain activity is barred. See, e.g., *Evans v United States*, 261 F 902 (CA 2, 1919) (presidential proclamation requiring "dry" zone five miles wide around military camps properly measured by "air miles"); *Bd of Trustees of Leland Stanford Junior Univ v State Bd of Equalization*, 1 Cal 2d 784; 37 P2d 84 (1934) (distance from a university within which liquor may not be sold must be measured in a straight and direct line from the campus limits); *Stark Co v Henry Co*, 326 Ill 535; 158 NE 116 (1927) (act providing for shared cost of bridges constructed on roads within 80 rods of county lines required measurement of distance on a straight line from the county line to the bridge).

On the other hand, statutory provisions in the context of travel generally have been interpreted to require measurement over travel routes. *Bellum v PCE Constructors, Inc*, 407 F3d 734 (CA 5, 2005) (Family Medical Leave Act, 29 USC 2601 *et seq.*, exception concerning employees employed within 75 miles of the worksite resolved by regulation stipulating that measurement is by surface miles over public travel ways unless there is no available surface transportation between worksites); *Jennings v Menaugh*, 118 F 612 (D Ind, 1902) (measurement of distance from witness's residence to place of trial, for purposes of rule concerning depositions for witnesses who live within 100 miles of the place of trial, must be measured by ordinary, usual, and shortest public travel route).

I acknowledge that in *Burke v Newton Police Chief*, 374 Mass 450; 373 NE2d 949 (1978), relied on in Judge ZAHRA's opinion, the court concluded that the term "ten miles," as used in the residency statute pertaining to

police officers, required straight-line measurement between two points on a map rather than "road miles."[9] However, in *Burke*, the court relied in large part on the fact that the legislature did not specify the term "road miles." Further, the court reasoned that a measurement using "road miles" would subject a police officer to unpredictable future events such as road closings or changes. I find the analysis in *Burke* unpersuasive because it fails to consider the equally important considerations of geographical nuances, emergency response time, and uniformity and, moreover, is contrary to the general rule for measuring distance. I therefore do not find it persuasive authority for interpreting Michigan's statute.

Given that the restrictions permitted in MCL 15.602 are most reasonably considered in the context of travel and given the recognized concern for reasonable response time of public employees in the event of emergencies, I conclude that the Legislature intended the 20-mile distance to be measured along travel routes. I would find no error in the court's conclusion that defendant's residency requirement is consistent with MCL 15.602(2) and that plaintiff failed to state a cause of action because the location of his intended residence did not meet the 20-mile requirement.

VI

Affirmed with regard to the trial court's conclusion that plaintiff was entitled to maintain a private cause of

---

[9] In *Burke*, the Newton police chief informed all officers that the ten-mile residency statute and regulations were to be construed as requiring all officers to live within ten road miles of Newton as measured by road miles to the city limits. Officer Burke had purchased a home located in a town whose boundary was within ten miles of the Newton city limit.

action for damages under MCL 15.602. Because the opinions by Judge MURPHY and Judge ZAHRA agree that the 20-mile distance referred to in the statute must be measured in a straight line, the trial court's decision is reversed in part, and this case is remanded for further proceedings. We do not retain jurisdiction.

ZAHRA, P.J. (*dissenting in part*). I respectfully dissent from the conclusion of the majority that plaintiff has a private right of action for money damages. I conclude that plaintiff has standing to challenge the city's interpretation of MCL 15.602 and can therefore enforce the statute through a declaratory action. Thus, contrary to the majority, I conclude that there is no implied private right of action to recover money damages under MCL 15.602. Second, a majority of this panel disagrees with the lead opinion's conclusion that MCL 15.602 requires plaintiff to reside within 20 road miles of the city's nearest border. Rather, a majority concludes that MCL 15.601 *et seq.*, when read in their entirety, require the 20-mile distance referred to in MCL 15.602 to be measured in a straight line. I would reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I. STATUTORY CONSTRUCTION

In addressing both issues presented in this case, we are called on to interpret MCL 15.601 *et seq.* " '[O]ur primary task in construing a statute, is to discern and give effect to the intent of the Legislature.' " *Neal v Wilkes,* 470 Mich 661, 665; 685 NW2d 648 (2004), quoting *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999). "The words of a statute provide 'the most reliable evidence of its intent . . . .' " *Id.* (citation omitted); see also *Halloran v Bhan,* 470 Mich

572, 577; 683 NW2d 129 (2004). " 'Statutory language should be construed reasonably, keeping in mind the purpose of the statute.' " *Draprop Corp v Ann Arbor,* 247 Mich App 410, 415; 636 NW2d 787 (2001) (citation omitted). The fair and natural import of the terms employed, in view of the subject matter of the law, governs. *In re Wirsing,* 456 Mich 467, 474; 573 NW2d 51 (1998). The words used by the Legislature are given their common and ordinary meaning. *Nastal v Henderson & Assoc Investigations, Inc,* 471 Mich 712, 720; 691 NW2d 1 (2005).

If the statutory language under review is clear, the Legislature is presumed to have intended the meaning it plainly expressed. Courts may not speculate about the probable intent of the Legislature beyond the language expressed in the statute. *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002). "If the statutory language is unambiguous, we must presume that the Legislature intended the meaning it clearly expressed and further construction is neither required nor permitted." *Nastal, supra* at 720, citing *Sun Valley Foods Co, supra* at 236. "An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation, a statute cannot be found ambiguous." *Colucci v McMillin,* 256 Mich App 88, 94; 662 NW2d 87 (2003).

## II. NO PRIVATE RIGHT OF ACTION FOR MONEY DAMAGES

The residency of public employees act, MCL 15.601 *et seq.* (the Act), consists of three statutory provisions. MCL 15.601 defines the terms "public employer" and "school district." MCL 15.602 addresses the parameters for the residency requirements a public employer can

place on its public employees. Finally, MCL 15.603
addresses the employment contracts to which the Act
applies. Significantly, the Act is silent regarding any
right by an employee to collect money damages for a
municipality's failure to follow the Act. Had the Legis-
lature intended an aggrieved employee to have the right
to pursue money damages against its public employer, it
would have so stated.

I reject plaintiff's claim that without an implied
private right of action to pursue money damages, there
is no method for plaintiff to enforce the Act. Plaintiff
has standing to pursue a declaratory action for a
judgment interpreting MCL 15.602. Specifically, MCR
2.605(A)(1) states: "In a case of actual controversy
within its jurisdiction, a Michigan court of record may
declare the rights and other legal relations of an inter-
ested party seeking a declaratory judgment, whether or
not other relief is or could be sought or granted."

Here, plaintiff alleges he was wrongly denied employ-
ment because he failed to meet the residency require-
ments of MCL 15.602. This constitutes an actual con-
troversy within the meaning of MCR 2.605(A)(1)
sufficient to allow plaintiff to pursue a declaratory
action asking the trial court to review whether defen-
dant properly interpreted and applied MCL 15.602.

Because the express language of MCL 15.601 *et seq.*
does not provide a right of action for money damages,
and because plaintiff, through the use of a declaratory
action, has an adequate means of seeking redress for a
violation of the statute, no implied private right of
action to recover money damages is available to plain-
tiff. *Office Planning Group, Inc v Baraga-Houghton-
Keweenaw Child Dev Bd,* 472 Mich 479, 501-504; 697
NW2d 871 (2005); *White v Chrysler Corp,* 421 Mich 192,
199-206; 364 NW2d 619 (1984).

III. THE 20-MILE DISTANCE REFERRED TO IN
MCL 15.602 SHOULD BE MEASURED IN A STRAIGHT LINE

Defendant claims that the word "miles" in MCL 15.602(2) refers to a distance to be measured by following existing roads. In *Burke v Newton Chief of Police*, 374 Mass 450, 452; 373 NE2d 949 (1978), the Massachusetts Supreme Judicial Court, when reviewing a nearly identical statute, concluded that, "[h]ad the Legislature desired the method of measurement to be by following existing roads we assume it would have used the term 'road miles.' The use of the term 'mile' without the qualifying adjective to mean 'road miles' is to insert into the statute a word not found therein." Because inserting the word "road" before "miles" in the statute "subverts the intent of the Legislature as demonstrated by clear and plain statutory language," *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 729; 614 NW2d 607 (2000), defendant's interpretation of MCL 15.602(2) must be rejected.

The lead opinion erroneously concludes that "reasonable minds can differ with regard to the meaning of [MCL 15.602]." *Ante* at 217. However, as observed in *Burke,* construing the word "miles" to mean "road miles" is unreasonable.

> To hold that conformity to the statutes depends on the road distance between an officer's home and the nearest boundary of the city or town of employment would be to subject such an officer to unpredictable future events over which he has no control. An officer could find himself suddenly in noncompliance by the closing of a road, the conversion of a road to one-way traffic, or perhaps even the installation of a rotary. [*Burke, supra* at 452.]

In addition, reviewing the text of the Act as a whole, it is very clear the Legislature intended the miles to be measured in a straight line. The lead opinion errone-

ously relies on the legislative analysis of the Act, rather than the text of the Act, to conclude that the purpose underlying the residency requirement is to ensure that public employees are within a reasonable distance of their municipalities in case of emergencies. However, as shown by the language of MCL 15.602(1), the purpose of this Act is to restrict the power public employers have to impose residency requirements:

> Except as provided in subsection (2), a public employer *shall not require . . . that a person reside within a specified geographic area or within a specified distance* or travel time from his or her place of employment as a condition of employment or promotion by the public employer. [Emphasis added.]

While MCL 15.602(2) creates the 20-mile exception to this prohibition, the purpose of the Act is not to ensure that employees are within a reasonable distance of the municipalities in which they work. Rather, it is very clear from the text of the Act that it is intended to restrict residency requirements.

Because the language of MCL 15.602 clearly shows that it was enacted in order to afford public employees greater freedom and flexibility in choosing their places of residence, it is evident that the Legislature did not intend the phrase "20 miles" in MCL 15.602(2) to be construed to mean less than 20 miles depending on existing roads and the conditions of those roads. Measuring the statutorily prescribed 20-mile distance according to "road miles" places a greater restriction on public employee freedom of choice than would measuring the statutorily prescribed distance according to a straight-line measurement. Because the Legislature intended to severely limit the power of municipal governments to impose restrictive residency requirements, plaintiff's method of measuring distances under MCL 15.602 is correct.

Also without merit is defendant's claim, adopted by the lead opinion, that "road miles" is the proper measure because the purpose of residency requirements is to ensure that public employees may quickly reach the municipality in times of emergency. The proper inquiry is not the purpose a municipality may have for imposing a residency requirement; it is the Legislature's purpose in passing MCL 15.602. The clear language of MCL 15.602(1) itself prohibits a public employer from requiring that a person reside "within a specified distance or travel time" except as provided in subsection 2. That subsection permits some consideration of distance, but not of travel time. Thus, the Legislature has indicated that the ability to arrive quickly is not a valid consideration in devising a municipal residency requirement.

I would reverse the judgment of the trial court and remand for further proceedings.

MURPHY, J. (*concurring in part*). I concur with Judge NEFF's opinion that MCL 15.602 permits a private cause of action, but disagree that the act's exception for a 20-mile or greater distance requirement under certain circumstances is measured in "road miles." Rather, I concur with Judge ZAHRA's view that MCL 15.601 *et seq.*, when read in their entirety using accepted statutory construction guidelines, require that the 20-mile distance referred to in MCL 15.602 be measured in a straight line. Thus, assuming that plaintiff can satisfy the distance standard, I would permit plaintiff to proceed with proofs about what damages, if any, were suffered under the defendant's residency requirement.